In the
United States Court of Appeals
For the Seventh Circuit

No. 98-4193

Charles Kruger,

Plaintiff-Appellant,

v.

Kenneth S. Apfel,

Defendant-Appellee.


Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98-C-144--Rudolph T. Randa, Judge.


Argued February 29, 2000--Decided May 10, 2000



  Before Bauer, Cudahy, and Eschbach, Circuit Judges.

  Per Curiam.  In February 1998, Charles Kruger
filed suit in district court challenging the
Social Security Administration's (SSA) final
decision denying his application for disability
benefits. He appeals the dismissal of his suit
under Federal Rule of Civil Procedure 41(b) for
failure to prosecute. Because the district court
abused its discretion by dismissing the case
without due warning to Kruger's counsel, we
vacate and remand for further proceedings.

I.  BACKGROUND

  In 1992, Kruger, who served as an officer in
the United States Army for 20 years before poor
health forced him to resign, applied for social
security disability benefits. In 1994, SSA denied
his application, but, after Kruger sought
judicial review, the district court remanded his
case to SSA for further proceedings. In December
1997, SSA again denied his application, and
Kruger through counsel again filed suit in
district court for judicial review. The district
court referred the case to a magistrate judge for
an initial recommendation. The magistrate judge
set a briefing schedule that required Kruger to
file his brief by August 4, 1998. On August 3,
Kruger's counsel requested an extension of the
deadline to September 11, which the magistrate
judge granted. Kruger's counsel failed to file
the brief by the new deadline. Instead, on

October 13, Kruger's counsel requested a second, unopposed extension to October 16. She alleged that an increased caseload due to the abrupt departure of a staff person had prevented her from completing the brief any sooner. The magistrate judge denied counsel's request for a second extension of time, in part because counsel had waited more than a month past the original deadline to request additional time, and recommended to the district judge that the case be dismissed for failure to prosecute. The magistrate judge issued his recommendation and mailed a copy to both parties on October 15.

On November 3, Kruger filed his objections to the magistrate judge's recommendation. Because the objections were not timely, the district court refused to consider them and on November 30, 1998 adopted the magistrate judge's recommendation without review. On December 14 Kruger filed a notice of appeal and a motion to amend or alter the judgment. In August 1999, the district court denied Kruger's motion, and this appeal followed.

## II.  DISCUSSION

We review dismissal as a sanction for failure to prosecute for an abuse of discretion. Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998). Although abuse of discretion is a deferential standard, it is, nonetheless, a meaningful one. See Dunphy v. McKee, 134 F.3d 1297, 1300 (7th Cir. 1998). We will find an abuse of discretion where the district court commits an error of law, Khan v. Gallitano, 180 F.3d 829, 837 (7th Cir. 1999), or fails to consider an essential factor, see Robyns v. Reliance Standard Life Insurance Co., 130 F.3d 1231, 1236 (7th Cir. 1997).

### A.  Failure to Review Magistrate's Recommendation

Kruger's counsel filed objections to the magistrate judge's recommendation, admitting that she should have requested a second extension of time as soon as she realized she would not meet the deadline, but contending that the sanction of dismissal was too harsh. Despite the fact that in Lerro v. Quaker Oats Co., 84 F.3d 239, 241-42 (7th Cir. 1996), we clearly set out the method for calculating the date Kruger's objections to the magistrate judge's recommendation were due, both parties and the district court failed to use the Lerro method. In this case, the magistrate judge mailed his recommendation to the parties on October 15. Under Rule 72, a party has 10 days after service to file objections. Lerro, 84 F.3d

at 241-42. Rule 6(a) excludes Saturdays, Sundays and legal holidays from the 10-day count. Id. at 242. Rule 72 also requires a magistrate judge to serve his recommendations on the parties, and, because in this case the magistrate judge did so by mail, Kruger had an additional three calendar days to file his objections as provided in Rule 6(e). Id. Here, because there were two weekends in the relevant 10-day period, 10 days plus three days turned into 17 calendar days. Id. In addition, because the 17th day fell on a Sunday, Rule 6(a) permitted Kruger to file his objections the next day on November 2. Id. Thus, Kruger missed the deadline by one day, filing his objections on November 3.

The district court recognized that Kruger's objections had merit, but concluded that, because they were not timely filed, it did not have to consider them or review the magistrate judge's recommendation before adopting it. But, as Kruger points out, the 10-day deadline is not jurisdictional; thus, the district court was not barred from considering the late objections. See Hunger v. Leiniger, 15 F.3d 664, 668 (7th Cir. 1994). In reaching its decision, the district court overlooked the fact that we declined "to extend our rule barring appeal when objections to the magistrate judge's recommendation are not filed with the district judge to a case in which the filing was not egregiously late and caused not even the slightest prejudice to the appellees." Hunger, 15 F.3d at 668. In Hunger we concluded that objections filed three weeks after the magistrate issued his recommendation were not egregiously late. By comparison, Kruger filed his objections only a day late. Moreover, the SSA does not assert that it was prejudiced by Kruger's late filing.

Under Hunger, the district court should have considered Kruger's objections. This would have obligated the district judge to review de novo anything Kruger objected to in the magistrate judge's recommendation. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). But even without considering the objections, the district judge should have reviewed the magistrate judge's recommendation for clear error. Id. Under either the de novo or clear error standard of review, the district court should have rejected the recommendation because, as we will explain, the district court did not give Kruger's counsel the requisite warning before dismissing his case for failure to prosecute.

B.  Failure to Warn Before Dismissal

Kruger argues that the district court abused its discretion in dismissing his case because his counsel was not given a prior warning as required by Ball v. City of Chicago, 2 F.3d 752 (7th Cir. 1993). We stated in Ball, "the judge should not dismiss a case [for failure to prosecute] without due warning to the plaintiff's counsel. . . . [T]here should be an explicit warning in every case." 2 F.3d at 755. Here, the district court abused its discretion because it did not give Kruger's counsel the requisite warning.

SSA counters that no such warning is required and cites Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir. 1994), as support. But Johnson is distinguishable and should be confined to its facts. In Johnson, the district court dismissed the case when, after numerous other delays largely caused by the plaintiff's dilatory conduct, the plaintiff failed to appear on the first day of trial and lied to the court about the reason for his absence. 34 F.3d at 467-68. We have repeatedly stated that "[d]ismissal for failure to prosecute is an extraordinarily harsh sanction" that should be used "'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" Dunphy, 134 F.3d at 1299 (quoting In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995)). Moreover, before imposing the ultimate sanction of dismissal, it is appropriate for a district court to "consider the egregiousness of the conduct in question in relation to all aspects of the judicial process." Barnhill v. United States, 11 F.3d 1360, 1367-68 (7th Cir. 1993). In addition, a district court should "take full and careful account of the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit." Ball, 2 F.3d at 759-60. Here, the magistrate judge recommended dismissing Kruger's suit because counsel was 35 days late filing a brief. One missed deadline is not a pattern of dilatory conduct, nor does the delay here seem of much consequence in this lawsuit. We have upheld dismissal as an appropriate sanction when there has been a history of delay or disregard for the district court's orders such as in Johnson where the district court dismissed after the plaintiff failed to appear on the first day of his trial, culminating seven years of delay due to the plaintiff's inaction. 34 F.3d at 468. Unlike the conduct in Johnson, Kruger's one missed deadline fails to rise to the level of long-standing or contumacious conduct warranting dismissal.

SSA also contends that, assuming a pre-dismissal warning is required, Kruger received it when the magistrate judge recommended that his case be

dismissed for failure to prosecute. We are not persuaded by this argument. A magistrate judge's recommendation that a case should be dismissed for failure to prosecute is not the sort of explicit warning contemplated by Ball, 2 F.3d at 755.

## III.  CONCLUSION

Because the district court abused its discretion in dismissing Kruger's case without giving his counsel the pre-dismissal warning Ball requires, we VACATE and REMAND for further proceedings.