**Stephen DAX, M.D., Plaintiff–Appellant,**

v.

**AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY, INC., Defendant–Appellee.**

No. 00–1801.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 10, 2000.*

Decided May 18, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

After the American Board of Psychiatry and Neurology, Inc. ("ABPN") initially determined that he was ineligible for board certification, Stephen Dax filed suit in federal court on the asserted basis of the diversity jurisdiction. Almost nine months later, the district court dismissed the case for want of prosecution. Dax appeals, and we affirm.

Dax, a German citizen, came to the United States to study and practice medicine. A dispute over the requirements for ABPN board certification led him to file this suit in June 1999, alleging fraud, breach of contract, and discrimination against foreign nationals by the ABPN. Apart from injunctive relief, Dax sought compensatory damages, including for the loss of a position in Australia he allegedly would have secured but for the lack of timely certification. Dax also filed a second lawsuit in July 1999, alleging essentially the same claims. That case was transferred to the district judge assigned to the first, but the two were never formally consolidated.

The district court scheduled a status hearing on both cases for February 1, 2000. That day the court received from Dax via FedEx a motion to postpone the hearing until May 2000 because, he said, notice of the hearing arrived at his residence in Germany just ten days before the scheduled date and, therefore, he did not have sufficient time to make overseas travel arrangements. Dax's motion also referenced prior requests he had made to the district court by telephone and electronic mail in an effort to get the February 1 hearing date postponed until May. Additionally, Dax asked in his motion that the district court vacate any ruling arising from the February 1 hearing.

The February 1 status hearing proceeded without Dax in attendance. It is unclear

whether the court had received Dax's FedEx motion by the time of the hearing. The district court did report, however, that Dax had called chambers directly to request a continuance, and that it had denied the request. Nonetheless, the court reset the status hearing for February 29, but promised to entertain a motion to dismiss if neither Dax nor an attorney on his behalf attended. When February 29 arrived, Dax again was not present. The judge granted ABPN's motion, filed that same day, to dismiss both of Dax's lawsuits for want of prosecution:

> There has been no action ... by the plaintiff for more than six months, and he has been admonished by the Court.... The Court has been lenient with the plaintiff previously, but we have a local rule, and now is the time to enforce it.

Dax did not file any post-judgment motion explaining his situation or challenging the dismissal.

Dax, whose second attempt at ABPN certification succeeded during the pendency of this litigation in the district court, appeals only the dismissal of his first action. In his notice of appeal, Dax asserts that he attempted to reschedule the February 1 status hearing and offered to participate via telephone. He also claims that he never received the notice for the February 29 hearing because it was mailed to an old address even after he had notified the court of his new address in Germany. Moreover, Dax suggests, the court was aware, given Dax's efforts to reschedule the hearing for May, that he would be unable to attend a February hearing. Dax argues in this court, therefore, that his conduct was not severe enough for his case to be dismissed and that the district court abused its discretion. The propriety of the dismissal is the only question before us.

We review a dismissal for failure to prosecute under our abuse of discretion standard. *See Kruger v. Apfel,* 214 F.3d 784, 786 (7th Cir.2000); *Grun v. Pneumo Abex Corp.,* 163 F.3d 411, 425 (7th Cir. 1998). This is a deferential standard, and we begin with a presumption that the court acted reasonably. *See Ball v. City of Chicago,* 2 F.3d 752, 755 (7th Cir.1993). We will reverse only if the district court erred in applying the law or analyzing the facts. *See Kruger,* 214 F.3d at 786. If no reasonable person could concur with the district court's decision, *see Matter of Bluestein & Co.,* 68 F.3d 1022, 1025 (7th Cir.1994), or if it strikes us as fundamentally incorrect, we will find abuse of discretion, *see Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir.1998).

We recognize that a dismissal for failure to prosecute is an extraordinarily harsh sanction and should be used only in extreme circumstances depending on the egregiousness of the plaintiff's conduct, the frequency of the plaintiff's errors, and the possible merit of the plaintiff's case. *See Kruger,* 214 F.3d at 787; *Ball,* 2 F.3d at 759–60. In cases involving "ordinary" misconduct, the district court must determine that the circumstances warrant such a harsh sanction and must explicit warn the plaintiff that dismissal is possible. *See Bolt v. Loy,* 227 F.3d 854, 856 (7th Cir. 2000).

We conclude that the district court did not abuse its discretion in dismissing Dax's case. We need not decide if Dax's misconduct was "ordinary" or so contumacious as to warrant dismissal without a warning, because it is undisputed that the district court admonished Dax prior to dismissing his case. The district court also noted that it was unfair for ABPN to "pay the expense of having competent counsel appear." Given that Dax remained inactive for the nine months after he filed his

complaint and that he failed to attend two status hearings despite the court's admonition and explicit denial of his motion for a continuance, we cannot say that the district court abused its discretion in dismissing the case.

Accordingly, the judgment of the district court is AFFIRMED.