**Steven SCHMIDT, Plaintiff–Appellant,**

v.

**CAMPANELLA SAND & GRAVEL COMPANY, INCORPORATED, Defendant–Appellee.**

**Nos. 01–3981, 01–4243.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 23, 2002.*

Decided Oct. 29, 2002.

As Amended Nov. 26, 2002.

---

* No attorney filed an appearance for Campanella. Because a corporation may only appear and proceed by and through an attorney, we ordered that this appeal be submitted for disposition without the filing of a brief or

participation in oral argument by the appellee. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the ap-

648

peal is submitted on the appellant's brief and

Before FAIRCHILD, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

Steven Schmidt leased trucks from and provided trucking services for Campanella Sand & Gravel Co., Inc. When their relationship deteriorated, Schmidt brought this action against Campanella for breach of the lease and back income. Although the district court granted partial summary judgment for Schmidt on liability issues, it dismissed the case with prejudice for failure to prosecute after Schmidt's attorney missed three deadlines for submitting a pretrial order. Schmidt refiled his case, but the district court dismissed it with prejudice as a duplicative filing. Because the judge warned Schmidt's attorney that she would dismiss the case if he continued to miss deadlines, the judge did not abuse her discretion in dismissing the first suit. Res judicata barred Schmidt's second suit. We affirm.

In 1999, Schmidt leased several tractor trailer trucks from Campanella, and as part of that lease, agreed to provide trucking services for Campanella. In October 2000 Schmidt filed a complaint based on diversity jurisdiction in federal court, alleging that Campanella had repossessed the trucks in violation of their lease and that Campanella was withholding income due him. Because Campanella refused to negotiate a new lease, as the previous lease required, and did not present any evidence that it had paid Schmidt all income due him, the district court in July 2001 granted partial summary judgment

the record. *See* Fed. R.App. P. 34(a)(2).

for Schmidt. Because it did not have sufficient evidence to establish damages, the court scheduled a trial for August 27. The court directed Schmidt to present pretrial materials to Campanella by August 14 and directed both parties to present their joint pretrial order on August 21.

When the court called the submission hearing on August 21, Schmidt's attorney did not appear. The judge continued the hearing to the next day, and mailed notice to Schmidt's attorney warning that failure to appear again would result in dismissal for want of prosecution. Schmidt's attorney appeared at the second hearing, but the parties did not have a joint order to submit. The judge continued the hearing to August 27, vacated the trial date, and in a minute order, warned Schmidt's attorney that the "case shall be dismissed if plaintiff again fails to prepare pretrial order in accordance with Local Rules." At the third submission hearing on August 27, the parties still did not have a pretrial order, and the court dismissed the case without prejudice. The court's minute order noted that "plaintiff's counsel failed to cooperate in the preparation of the pretrial order."

Campanella moved to modify the court's order to have the case dismissed with prejudice, arguing that Schmidt's attorney had repeatedly failed to cooperate and should not be allowed a "fourth strike." The judge agreed and dismissed Schmidt's case with prejudice, finding that Schmidt's attorney had "repeatedly failed to comply-or even make a good faith effort to comply-with court orders regarding the final pretrial order." The judge noted that Schmidt's attorney had been "warned of the consequences," that he had not shown good cause for "ignoring his responsibilities," and that his "lack of cooperation and effort in providing basic pretrial materials to the defense and his repeated failure to

meet with defense counsel or to respond to his requests was unreasonable."

Schmidt's attorney moved to vacate the court's dismissal with prejudice, citing heavy traffic, his office's distance from downtown Chicago, his mother-in-law's poor health, and lack of cooperation from the defense as the reasons for missing the first hearing and not preparing a joint pretrial order with the defense. The judge denied the motion, finding that Schmidt's attorney did not raise any of these issues earlier and did not make "good faith, reasonable efforts" to cooperate with opposing counsel. The judge concluded that "despite receiving several extensions of time-as well as clear warnings of the consequences of failing to comply with his obligations-[Schmidt's] counsel failed to present all his pretrial materials to defense counsel until ... the third deadline for presentation of the *joint* final pretrial order ... forc[ing] cancellation of the jury trial and caus[ing] defendant unnecessary expense." The judge proposed to vacate her order, however, if "plaintiff's counsel [was] willing to reimburse the defendant for its legal expenses." Schmidt chose instead to appeal.

Four days after the district court dismissed his first suit without prejudice, Schmidt filed a new complaint with the same court alleging that Campanella owed him back income, breached their truck lease, repossessed his trucks, and committed the torts of outrage, theft, and extortion. After it had modified its order to dismiss the first suit with prejudice, the court dismissed the second suit as a "duplicative filing." Schmidt moved to vacate, arguing that the earlier dismissal was not an adjudication on the merits and that a Local Rule allowed him to refile his suit. The court summarily denied his motion, and Schmidt filed a timely notice of appeal. We consolidated the two cases on appeal.

Because Schmidt filed both of his motions to vacate within ten business days of each dismissal, see Fed.R.Civ.P. 6(a), we view the motions as seeking to alter or amend judgment under Fed.R.Civ.P. 59(e). *See Doe v. Howe Military Sch.*, 227 F.3d 981, 992 (7th Cir.2000). Because Rule 59(e) motions toll the appellate window for original judgments, Schmidt's notices of appeal bring the underlying dismissals before us. *See Kunik v. Racine County, Wis.*, 106 F.3d 168, 173 (7th Cir.1997).

We review dismissals for failure to prosecute for abuse of discretion. *Kruger v. Apfel*, 214 F.3d 784, 786 (7th Cir.2000). "The abuse of discretion standard 'means something more than our belief that we would have acted differently if placed in the circumstances confronting the district judge.'" *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir.1998) (quoting *Anderson v. United Parcel Serv.*, 915 F.2d 313, 315 (7th Cir.1990)). Although dismissal is a harsh sanction, given the district court judge's greater familiarity with the case and the parties, appellate review of a decision to dismiss for want of prosecution is highly deferential. *Ball v. City of Chicago*, 2 F.3d 752, 754–55 (7th Cir.1993).

Before dismissing a case for failure to prosecute, a district court judge should consider "the frequency and magnitude of the plaintiff's failures to comply with deadlines," "the apportionment of responsibility for those failures between the plaintiff and his counsel," "the effect of the failures in taxing the judge's time and disrupting the judge's calender," the prejudice to the defendant, and "the probable merits of the suit." *Ball*, 2 F.3d at 759–60. Additionally, a judge must explicitly warn plaintiff's counsel of the consequences of continuing to engage in dilatory conduct before dismissing the case. *Kruger*, 214 F.3d at 787.

Applying these considerations to Schmidt's case, the district court judge did not abuse her discretion in dismissing his suit. One missed deadline does not "a pattern of dilatory conduct" make, *id.*, but here, Schmidt's attorney missed not one, but three, deadlines for cooperating with Campanella's attorneys to draft a joint pretrial order. *See Daniels v. Brennan*, 887 F.2d 783, 787 (7th Cir.1989) (upholding dismissal after plaintiff's counsel missed three deadlines to submit a joint pretrial order). As a result, the judge was forced to cancel their scheduled jury trial and Campanella, whose counsel had to show up for multiple submission hearings, faced additional and unnecessary legal expenses. Most importantly, the judge warned Schmidt's attorney twice-once by mail and once in a minute order-that she would dismiss the case if he continued to miss hearings and deadlines.

Weighing against these considerations, however, is the fact that there is no indication that Schmidt was responsible for, or even knew of, his attorney's conduct. Moreover, considering that the court already granted Schmidt partial summary judgment, his case had merit-all that was left to decide was damages. Although these considerations give us concern, we cannot say that the judge abused her discretion given Schmidt's attorney's repeated failure to meet deadlines, the warnings that the judge gave counsel, the judge's offer to reinstate the case if Campanella was reimbursed for expenses, and the deference accorded discretionary rulings. *See Ball*, 2 F.3d at 760. In reaching this conclusion, we note that Schmidt himself may be blameless and that his predicament may be the result of the actions or inactions of his attorney. If that is in fact true, Schmidt can pursue remedies against his counsel, and Campanella, who is also blameless, will not be bothered further.

Schmidt's challenge to the dismissal of his second suit is also without merit. The

court's dismissal of it as a duplicative filing is equivalent to a dismissal for res judicata. *See Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir.2000) ("[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata.") We review dismissals for res judicata *de novo. Andersen v. Chrysler Corp.,* 99 F.3d 846, 852 (7th Cir.1996). Res judicata requires: (1) a judgment on the merits in an earlier suit; (2) the same parties in both suits; and (3) the same causes of action in both suits. *Central States, Southeast and Southwest Areas Pension Fund v. Hunt,* 296 F.3d 624, 628 (7th Cir.2002).

■ Schmidt's second suit met all three elements of res judicata. A dismissal for failure to prosecute or to comply with a court order operates as an adjudication on the merits, Fed.R.Civ.P. 41(b), *LeBeau v. Taco Bell, Inc.,* 892 F.2d 605, 607 (7th Cir.1989); both cases involve the same parties; and Schmidt asserts the same cause of action as in his first complaint. Although Schmidt included new legal theories in his second complaint, res judicata extends to all grounds for recovery that might have been presented in prior litigation if based on the same set of operative facts. *Licari v. City of Chicago,* 298 F.3d 664, 667 (7th Cir.2002). Schmidt based his claims in the second complaint on the same operative facts as those in the first complaint-the truck lease, back income, and Campanella's repossession of the trucks. Therefore, the district court correctly dismissed Schmidt's second suit.

AFFIRMED.