NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012[*]
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3025

| | |
|---|---|
| CLAXTON H. WILLIAMS, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 15 |
| MAJOR NILES, et al., *Defendants-Appellees.* | James B. Zagel, *Judge.* |

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Illinois inmate Claxton Williams, Jr., appeals the dismissal of his suit under 42 U.S.C. § 1983, in which he alleged that officials and guards at Stateville Correctional Center failed to protect him from attack by another inmate, denied him adequate medical care, used excessive force against him, and racially discriminated against him. The district court dismissed the suit under FED. R. CIV. P. 41(b) for failure to prosecute. Because the district court failed to consider essential factors before dismissing the case, we reverse and remand for further proceedings.

In January 2011, Williams filed a complaint listing myriad claims, spanning five years, against more than 20 prison officials and guards. He recounted one episode in which he was attacked by a fellow inmate while prison guards looked the other way and denied him medical attention after the attack. Williams asserted that the guards treated him this way in retaliation for commenting to a journalist on the harsh living conditions at Stateville. Williams also described an incident three weeks after the attack in which defendants used excessive force in beating him and spraying him with pepper spray while he was handcuffed and lying on his stomach. The complaint went on to describe other incidents of malicious behavior by prison officials, who, he alleged, frequently transferred him between prison facilities; confined him to segregation units; and implemented a racist policy of not punishing white inmates for violent crimes against black inmates. The complaint also asserted state-law claims including battery and intentional infliction of emotional distress.

In March 2011, the district court dismissed Williams's complaint without prejudice because it attempted to join unrelated claims and defendants. *See* FED. R. CIV. P. 20(a)(2). The court ruled that Williams could not bring all of his claims in one suit and gave him 30 days to file an amended complaint remedying the misjoinder. The court warned Williams that failure to amend would result in dismissal of his case.

In April, Williams filed successive requests for extension of time. The first request explained that prison officials confiscated legal materials that, Williams insisted, were needed to help him prepare his complaint. The second request described another attack by prison guards that caused nerve damage to his hands and arms, necessitating additional time to handwrite his complaint. The court responded by giving Williams 30 more days.

In June, Williams again sought an extension so that he could recover an unfinished amended complaint that was confiscated during his transfer between prison facilities. On August 4, the court summarily dismissed his suit under FED. R. CIV. P. 41(b) for failure to prosecute.

Apparently not yet in receipt of the court's August 4 dismissal order, Williams filed another request for an extension, explaining that he had suffered a stroke requiring hospitalization, and that the nerve damage suffered in the previous attack impeded his ability to prepare his amended complaint. The district court construed the request as a motion to vacate its dismissal order and summarily denied it.

Williams appeals the dismissal of his case for failure to prosecute. He maintains that the district court abused its discretion by failing to give "fair and meaningful consideration" to his extenuating circumstances.

Dismissal for failure to prosecute is a harsh sanction, and we look to see whether there is a "clear record of delay or contumacious conduct, or [whether] other less drastic sanctions have proven unavailing." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). We will find an abuse of discretion where a district court "fails to consider an essential factor." *Kruger v. Apfel*, 214 F.3d 784, 786 (2000). Factors that district courts should consider before dismissing a case include the frequency and egregiousness of the plaintiff's failure to comply with deadlines, the effect of delay on the court's calendar, and the prejudice resulting to the defendants. *Kasalo*, 656 F.3d at 561; *Kruger*, 214 F.3d at 787.

The record does not show a clear pattern of delay or prejudice to the court or the defendants. Williams missed only one deadline after the court's extension; this act alone "fails to rise to the level of long-standing or contumacious conduct warranting dismissal." *See Kruger*, 214 F.3d at 787. The court did not address any of Williams's reasons for being unable to meet the court's deadlines—reasons that, if true, suggest that Williams was not intentionally delaying proceedings or disobeying court orders. Further, the defendants had not been served before the case was dismissed, so they suffered no apparent prejudice from the delay.

Further proceedings are necessary to ensure that Williams's claims are resolved properly.

REVERSED and REMANDED.