NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2012[*]
Decided December 18, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-2539 | Appeal from the United States District Court for the |
| DANIELLE HOLT, | Northern District of Illinois, |
|     *Plaintiff-Appellant,* | Eastern Division. |
| | |
|     *v.* | No. 10 C 7917 |
| | |
| LOYOLA UNIVERSITY OF CHICAGO, | Blanche M. Manning, |
|     *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Danielle Holt appeals the dismissal of her employment-discrimination suit against Loyola University of Chicago, her former employer, based on her failure to appear at

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

numerous scheduled hearings (including her deposition) and other violations of court orders. We affirm.

Holt, an African-American, was employed by Loyola as an Assessment Coordinator, responsible for training staff on evaluating student and employee performances. Loyola fired her in 2009, citing plagiarism and other unsatisfactory work performance. Holt then sued Loyola for racial discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

Pretrial proceedings did not go smoothly. Eleven months into the case, Loyola attempted to depose Holt, but she got into an argument with her attorney and the deposition did not take place. Holt's attorney eventually withdrew, and Holt continued to litigate her case pro se. After she missed several appearances at scheduled hearings, the district judge warned her that another absence "will result in an order dismissing this case for want of prosecution." During this time, Holt called the clerk's office repeatedly to discuss personal matters, request counsel, and attempt to explain her prior absences. The court denied her request for counsel and instructed her not to call the court about personal matters. Soon thereafter, Holt failed to appear at her rescheduled deposition, despite previously confirming the date with Loyola's attorney. Loyola then moved for sanctions under Rule 37(d) of the Federal Rules of Civil Procedure based on Holt's persistent failure to cooperate with her deposition. The district court set a hearing date on that motion, but Holt again failed to appear.

The court then dismissed the case for want of prosecution, explaining that Holt's repeated missed court and deposition dates, and her failure to comply with the court's order to refrain from unnecessarily calling the clerk's office, had abused the litigation process and imposed undue costs on the court and Loyola. The apparent basis for the dismissal was Rule 41(b) of the Federal Rules of Civil Procedure; the court stated that it need not rule on Loyola's Rule 37 motion for sanctions because Holt had engaged in a "clear pattern of delay and contumacious conduct" and had previously been warned about her absences.

On appeal Holt generally asserts that the district court abused its discretion by dismissing her case, and should not have held her responsible for missing court and deposition dates and repeatedly calling the clerk's office. She blames her first missed deposition on her attorney and maintains that she unsuccessfully tried to reschedule the second date. She also reargues the merits of her case at length, but those arguments are not properly before us.

Dismissal for want of prosecution under Rule 41(b) is a harsh sanction that should only be used "when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (quotation marks omitted). We will find an abuse of discretion where a district court "fails to consider an essential factor." *Kruger v. Apfel*, 214 F.3d 784, 786 (2000). Factors that district courts should consider before dismissing a case include the frequency and egregiousness of the plaintiff's failure to comply with deadlines, the effect of delay on the court's calendar, and the prejudice resulting to the defendants. *Kasalo*, 656 F.3d at 561; *Kruger*, 214 F.3d at 787.

The district court considered all of these factors in its order dismissing the case, and we conclude that it properly exercised its discretion in doing so. Holt was repeatedly warned about her conduct and had many opportunities to comply with deadlines and court orders. The court found that "Ms. Holt knew about the [rescheduled] deposition and the [hearing on the motion for sanctions] and chose not to appear"; she also "appeared to believe that she could litigate this case however she wished." As the court pointed out, however, the failed depositions and missed court dates wasted Loyola's time and money, and the numerous unauthorized phone calls to the clerk's office taxed the court's resources. A lesser sanction was not necessary, because Holt had been explicitly warned about the prospect of dismissal if she continued to ignore court orders. Holt's attempt to blame her attorney for the first failed deposition misses the point; her own pattern of inattention and abuse of the court's staff amply justifies the dismissal. *See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848–49 (7th Cir. 2009) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)); *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

Although the district court did not rule on Loyola's Rule 37(d) motion, that rule would also have provided an adequate basis for dismissing this case. Sanctions under Rule 37 require a finding that the offending party acted with willfulness, bad faith, or fault; dismissal should be imposed only if "proportionate to the circumstances." *See Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Here, the district court found that Holt acted willfully based on her knowledge of scheduled dates and the court's warnings about her dilatory behavior. Under the circumstances, dismissal under Rule 37(d) would have been an appropriate and proportionate sanction.

AFFIRMED.