**Peter KOEHN, Plaintiff-Appellee,**

v.

**Lauri TOBIAS and Margaret Segerston, Defendants-Appellants.**

**No. 16-3482**

United States Court of Appeals, Seventh Circuit.

Argued June 1, 2017

Decided August 4, 2017

John A. Cotiguala, Laura K. McNally, Attorneys, Emily H. Stone, Loeb & Loeb LLP, Chicago, IL, for Plaintiff–Appellee.

Peter Koehn, Pro se.

Michael E. Kujawa, Attorney, Schain Banks Kenny & Schwartz, Chicago, IL, for Defendants–Appellants.

Before BAUER, POSNER, and HAMILTON, Circuit Judges.

BAUER, Circuit Judge.

Plaintiff-appellee Peter Koehn filed suit under 42 U.S.C. § 1983, alleging that Defendants-appellants Lauri Tobias and Margaret Segerston (Defendants), his former employers, unlawfully retaliated against him for exercising his First Amendment rights. After a series of failed settlement negotiations, the case proceeded to trial, where a jury found in favor of Defendants. After the trial, upon Koehn's motion, the district court ordered Defendants to pay fees and costs associated with Koehn's attorney's preparation for a settlement conference that proved to be unnecessary and futile. This appeal followed.

## I. BACKGROUND

Koehn filed his original *pro se* complaint on September 6, 2012. In June 2015, the case was referred to a magistrate judge for purposes of facilitating settlement discussions. The magistrate judge held a settlement conference on June 15, 2015, and appointed counsel for Koehn for the limited purpose of assisting in the settlement negotiations; the parties did not reach a settlement. Shortly after that settlement conference, Koehn obtained new counsel who continued to represent him for the remainder of the case, including the trial.

The trial was set for June 6, 2016, and on May 13, 2016, the district court held a telephonic status hearing, during which it inquired about the history and current status of any settlement negotiations. Defense counsel first explained that he was relatively new to the case and was not personally involved in the June 2015 settlement conference. He then stated that, based on conversations with counsel who had previously been handling the case for Defendants, he believed that Defendants' insurer had proposed a settlement in the range of $150,000, and that Koehn was seeking substantially more than that.

At this point in the hearing, Koehn's counsel stated that she had never heard the $150,000 figure and that, given that information, a settlement conference might be productive. Defense counsel agreed with that sentiment, and the court scheduled a settlement conference for May 20, 2016.

At that settlement conference, however, Defendants did not make an offer in the range of $150,000. Instead, they offered less than half of that amount, which was in the range of what Koehn had rejected during the June 2015 settlement conference. Koehn rejected the offer again, so the case did not settle. When the conference ended, the court entered an order, which stated: "At the conclusion of the jury trial, counsel for the Plaintiff may submit a request for attorney's fees and costs associated with the unnecessary settlement conference held based upon defense counsel's representations."

Pursuant to that order, Koehn filed a motion for fees and costs after he lost at trial, requesting $3,744 in fees and $552.85 in costs associated specifically with the preparation for and attendance at the May 20, 2016, settlement conference. The district court granted Koehn's motion, holding that Federal Rule of Civil Procedure 16 allows for the imposition of sanctions

where a party's failure to timely and candidly communicate a change in settlement posture results in the holding of an unnecessary settlement conference. It found that, while Defendants were free to change their settlement position between the status hearing and the settlement conference, their failure to notify the court or Koehn of that change made the settlement conference a futile exercise. Therefore, pursuant to Rule 16(f)(2), the court ordered Defendants to pay the requested fees and costs. They timely appealed.

## II. DISCUSSION

Defendants submit two arguments on appeal, which are somewhat intertwined. First, they argue that the court did not apply the appropriate legal standard to impose sanctions under Rule 16(f). Second, they argue that the facts of this case simply do not support the imposition of sanctions under any of Rule 16(f)'s standards.

Rule 16(f)(1) provides: "On motion or on its own, the court may issue any just orders ... if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). If a party does not comply, the court must order it to pay the reasonable fees and expenses incurred as a result of the noncompliance. Fed. R. Civ. P. 16(f)(2). We review a district court's decision to impose sanctions under Rule 16(f) for an abuse of discretion. *Spain v. Bd. of Educ. of Meridian Comm. Unit Sch. Dist. No. 101*, 214 F.3d 925, 931 (7th Cir. 2000).

In support of their contention that the district court did not apply an appropriate legal standard, Defendants argue that it was unclear which of Rule 16(f)(1)'s subsections the court relied upon to impose

sanctions. We disagree. There are no facts in the record to indicate—nor does the court's order suggest—that Defendants either failed to appear for the settlement conference or failed to comply with an order of the court. *See* Fed. R. Civ. P. 16(f)(1)(A) and (C). That leaves only subsection (B). While the court did not employ the exact language of that subsection, it is apparent from a reading of the order that the court determined that Defendants did not participate in the scheduled settlement conference in good faith. *See* Fed. R. Civ. P. 16(f)(1)(B). We find no legal error, and certainly no abuse of discretion, in the court's reliance on that subsection, particularly in light of the facts outlined in the court's order.

Defendants then argue that, even if the court relied on an appropriate subsection, Rule 16(f) simply does not allow for sanctions based on a party's failure to inform the court or the other party of a change in settlement position. They contend that when defense counsel told the court that Defendants had made a previous offer of $150,000, counsel did not intend to communicate a current settlement position. Thus, the fact that they arrived at the settlement conference with a different posture does not, by itself, indicate a lack of good faith. They also suggest that they believed the court wanted to have the May 20, 2016, settlement conference regardless of the parties' positions.

Those factual assertions, however, are contrary to the district court's findings of what transpired in the status hearing. The appellate record, which does not include a transcript of the status hearing, provides no basis for us to question or disturb the district court's factual findings. *See Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987) ("When reviewing for an abuse of discretion we keep in mind that because the trial court alone has an intimate familiarity with the proceedings it is in a far superior position to pass on an attorney's conduct than a reviewing court.") (citation and quotation marks omitted).

■ While it may be true that defense counsel did not intend to communicate a current settlement position, it is clear that neither Koehn's counsel nor the court understood that to be the case. Instead, immediately upon hearing the $150,000 figure, Koehn's counsel suggested that a settlement conference would be beneficial, and defense counsel agreed. At that point, defense counsel certainly should have realized that both Koehn and the court expected that the upcoming negotiations would involve numbers in the neighborhood of $150,000. Rather than attempting to dispel that notion, Defendants allowed Koehn to prepare for the settlement conference under the assumption that the starting point for negotiations would be significantly higher than what was offered and rejected a year earlier. If Koehn—or the court—had known that Defendants intended only to make the same offer that Koehn had rejected a year earlier, it is safe to presume that the May 20, 2016, settlement conference would not have proceeded.

It is clear that both Koehn and the court interpreted defense counsel's representations at the status hearing as an indication of Defendants' current settlement posture. In fact, the court's order explicitly stated that the suggestion of a range of $150,000 induced the court to schedule the conference. To be sure, as the district court noted, Defendants were free to change that posture before the settlement conference. However, we cannot say that the district court abused its discretion in finding that, by changing their position so drastically without any indication that they intended to do so, Defendants did not participate in the settlement conference in good faith.

## III.  CONCLUSION

For the reasons stated above, the order awarding attorney's fees and costs is AFFIRMED.