Judith A. SWARM, Plaintiff–Appellant,

v.

SIEMENS BUSINESS COMMUNICATIONS SYSTEMS, INC. and Siemens Corporation, Defendants–Appellees.

No. 99–4139.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 2001.

Decided May 21, 2001.

Before POSNER, EVANS, WILLIAMS, Circuit Judges.

### ORDER

In September 1996 Judith A. Swarm commenced this action for breach of contract and disability discrimination alleging that the defendants wrongfully terminated her while she was on paid disability leave for clinical depression.[1] In August 1997 the district court set a discovery cut-off date of November 28, 1997. On November

---

1. The complaint names as defendants Rolm Company (now known as Siemens Business Communications Systems, Inc.) and its parent corporation, Siemens Corporation. Swarm voluntarily dismissed her claims against a third defendant, International Business Ma-

20, 1997, Swarm moved to extend discovery but noticed the motion for December 5, 1997, one week after the close of discovery. The district court granted the motion and extended discovery until February 1998. As this revised deadline approached, Swarm requested another extension, again presenting the motion after the cut-off date had expired. The district court granted this second motion, this time pushing the discovery cut-off to April 24, 1998. On May 5, 1998, the district court set a September 22, 1998, trial date and ordered the parties to submit a final pretrial order by September 8, 1998. Nine days later, Swarm moved a third time to extend discovery. This request was denied.

On July 2, 1998, the defendants moved for summary judgment. The district court ordered Swarm to respond by July 24, 1998. On July 10, 1998, Swarm moved for an extension but noticed the motion for July 31, one week after the deadline. The district court granted the motion and ordered Swarm to respond by August 7. Swarm, however, did not respond, instead moving for another extension on August 11 with September 4 as the date of presentment. The district court granted her request. All this activity, it appears, scuttled the September 1998 trial date.

In November 1998 the defendants filed a motion to strike Swarm's Local Rule 12(N) statement submitted in connection with the summary judgment motion. Swarm did not appear in court to contest the motion. Despite her absence at the hearing, the district court did not rule on the motion but instead set a briefing schedule. Swarm, however, did not file a response. On February 24, 1999, the district court granted summary judgment in favor of the defendants on Swarm's breach of contract claim but denied summary judgment with respect to her discrimination claim. The

district court did not set a trial date or schedule a status hearing.

Nothing happened in the case for the next 7 months. On October 5, 1999, the district court issued an order to show cause why the case should not be dismissed for failure to prosecute. Though Swarm had not advanced her case during this time period, the district court had also failed to direct the parties regarding the time frame or manner in which the case should proceed. The district court's show cause order, however, made clear that Swarm's case could be dismissed as a result of her inactivity:

> On 02/24/99, the court granted in part and denied in part defendant's motion for summary judgment. Since then, the case has been inactive. Thus, the court orders the parties to appear for a status hearing on 10/21/99 at 9:30 a.m. Plaintiff is ordered to show cause regarding her seeming lack of diligence in pursuing her case. If plaintiff fails to appear and fails to show why she has not pursued her case since February, 1999, the court will dismiss the case for want of prosecution pursuant to Local Rule 41.1.

At the October 21 hearing the district court asked Swarm's counsel why the case should not be dismissed. Counsel responded that he had been waiting for the court to set a trial date and said that he "didn't think it was incumbent upon me to come in and ask for a trial date."

The district court did not dismiss the case; instead, it ordered the parties to submit their final pretrial order by November 4, 1999. As this deadline approached, the defendants' counsel twice called Swarm's counsel to work on a pretrial order and also sent two letters expressing the need to complete the order. Swarm's counsel, however, did not respond. The defendants then moved to dis-

chines Corporation, under Federal Rule of Civil Procedure 41(a).

miss the case under Federal Rule of Civil Procedure 16(f) due to Swarm's failure to complete the pretrial order. Swarm moved for a one-week extension on November 4, the due date for submitting the pretrial order, but noticed the motion for November 12. On November 5 the defendants presented their Rule 16(f) motion. Swarm did not appear in court to contest the motion. The district court granted the defendants' motion and dismissed the case. One week later, Swarm moved to vacate the district court's dismissal order under Federal Rule of Civil Procedure 59(e), which the district court denied. The district court later denied Swarm's motion to alter or amend judgment under Federal Rule of Civil Procedure 60(b). ·

 Swarm argues on appeal that dismissal of her suit was too harsh. Under Rule 16(f) a court may dismiss a case when the plaintiff fails to follow pretrial orders. *See Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir.1993). This court reviews the district court's dismissal of an action under Rule 16(f) for abuse of discretion. *Long v. Steepro*, 213 F.3d 983, 985–86 (7th Cir. 2000). In determining whether the sanction of dismissal constituted an abuse of discretion, we look at the entire procedural history of the case. *Id.* at 986. Dismissal, as opposed to less severe sanctions, is reserved for cases in which the offending party has demonstrated willfulness, bad faith, or fault. *Id.* Dismissal under Rule 16(f) is warranted where there is a clear record of delay or contumacious conduct by the plaintiff. *See Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir.1998).

This is just such a case. Swarm consistently disregarded court-imposed deadlines and repeatedly sought to delay the case by noticing motions after deadlines had passed. Swarm also missed court dates. Though the district court failed to guide the parties regarding how the case should proceed after ruling on the defen-

dants' summary judgment motion, the court nevertheless warned Swarm that her inactivity could result in the dismissal of her case. Swarm, however, disregarded the court's scheduling order within two weeks of that warning. Moreover, these delays resulted in prejudice to the defendants—two defense witnesses left the company while the case was pending and no longer live in the area. The procedural history of this case reveals that the district court demonstrated patience with Swarm's dilatory tactics. But the district court finally had enough and dismissed the suit more than 3 years after it was commenced.

 Swarm's arguments that the district court abused its discretion in ending this case as it did are not persuasive. Swarm contends that the district court erred by failing to warn her that not complying with its scheduling order could result in the dismissal of her action. But Swarm received "due warning" via the district court's show cause order that failing to advance her case could be fatal. In light of this warning, Swarm cannot credibly argue that she was unaware that further recalcitrance could lead to dismissal. Swarm also argues that the district court should have considered less severe sanctions and erred by failing to explain why lesser sanctions did not suffice. But as the defendants point out, the district court is not required to impose progressive sanctions before dismissal, *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 858 n. 5 (7th Cir.1998) (*per curiam*), nor must it evaluate lesser sanctions before dismissing the case where there is a record of delay, *Long*, 213 F.3d at 988; *see also Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir.1992).

Swarm's other arguments are frivolous. She contends that the district court erred in granting the defendants' motion because they served it 20 minutes late (at 4:20 rather than 4:00) under Local Rule 5.3.

But Swarm does not explain how she was prejudiced by this violation. She does not dispute that she received the motion or that she was on notice that the motion was to be presented 2 days later. Indeed, Swarm admits that she did not appear in court because her counsel failed to put the hearing date on his calendar and overlooked it. Swarm also argues that the defendants' Rule 16(f) motion misstated the procedural history of the case and that she diligently pursued her case as demonstrated by her participation in discovery. But the defendants' motion accurately recited the procedural events of the case, and the record clearly reflects the pattern of delay perpetuated by Swarm.

Finally, the district court did not abuse its discretion in denying Swarm's motions for reconsideration made pursuant to Rules 59(e) and 60(b). These motions merely raised the same arguments advanced by Swarm on appeal and were properly denied.

The judgment of the district court is AFFIRMED.