**Lawrence B. MALONE,
Plaintiff–Appellant,**

v.

**FOSTER WHEELER CONSTRUCTORS, INC., Defendant–Appellee.**

No. 00–3439.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2001 *.

Decided Oct. 17, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. WILLIAM J. BAUER,
Hon. FRANK H. EASTERBROOK, Hon.
TERENCE T. EVANS, Circuit Judges.

## ORDER

Lawrence Malone filed suit in May 1997 alleging that his former employer, Foster Wheeler Constructors, Inc., discriminated against him based on his race and then fired him in retaliation for filing a charge of discrimination with the EEOC. After more than three years of litigation marked by substantial delays, the district court dismissed for want of prosecution when Malone refused to participate in the final pretrial conference. Malone appeals, claiming that the district court abused its discretion by rejecting his excuse for not advancing his case. We affirm.

Malone's pattern of delay began after the close of discovery, when a conflict arose between Malone and his attorney. Malone discharged her in January 1999, shortly before his response to Foster Wheeler's motion for partial summary judgement was due. Now without counsel, Malone obtained several filing extensions before submitting his response four months later. After receiving Malone's submission, the district court granted Foster Wheeler's motion but *sua sponte* appointed new counsel to represent Malone on the only remaining issue for trial, a hostile work environment claim.

Thereafter, at a November 1999 status conference, Malone's new lawyer suggested that she would like to reopen discovery and move to reconsider the court's grant of partial summary judgement. Malone expressed vigorous opposition, and ultimately counsel abandoned the idea, instead asking the court to schedule a settlement conference. The conference was held in February 2000, but Malone refused to participate and negotiations failed. Afterwards, the court permitted counsel to withdraw, and declined to appoint another lawyer because of Malone's uncooperative conduct and his rejection of a reasonable settlement offer.

The district court then gave Foster Wheeler until May 1, 2000, to draft the pretrial order and Malone until June 1 to provide the company with his list of exhibits, witnesses, and objections so that the final order could be filed by mid-June. But Malone never responded to Foster Wheeler's draft, prompting the defendant to submit the order on June 15 without Malone's input and to move for sanctions. Malone also ignored this demand for sanctions until the day before it was to be heard, and only when he filed a written opposition did he also finally submit a proposed pretrial order. At the sanctions hearing the district court continued the matter until August 4, the scheduled date of the final pretrial conference, in order to review Malone's eleventh-hour submission.

When August 4 arrived Malone claimed illness and did not show, so the district court continued the sanctions hearing until August 10 and reset the final pretrial conference for the same date. But on that day, too, Malone failed to appear, prompting the district court to issue an order setting a new date of August 25 and warning Malone that if he was absent his case would be dismissed for want of prosecution. Malone was not absent; instead, he arrived without any papers and then refused to participate in the proceeding. Malone explained that he was physically and mentally unable to try the case alone, and so he would not go forward until he retained a lawyer. The district court, after responding that Malone's prior absences had already delayed the pretrial conference several times, confirmed that

Malone was unwilling to participate that day and then dismissed the case. The court discredited Malone's assertion that he was too ill to proceed, and noted his numerous past excuses for being unprepared and his six-month wait to look for another attorney. Even so the court offered to consider reinstatement if Malone hired an attorney within 30 days, but Malone instead filed this appeal.

■ On appeal Malone contends that the district court erred in dismissing his case and rejecting his excuse that his medical condition prevented him from prosecuting his case *pro se.* District courts have the authority to dismiss actions for failure to prosecute on motion of the defendant, Fed.R.Civ.P. 41(b), or *sua sponte* as part of the "control necessarily vested in courts ... to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). We review a district court's dismissal for want of prosecution under an abuse of discretion standard. *Grun v. Pneumo Abex Corp.,* 163 F.3d 411, 424 (7th Cir.1998). In order to determine whether the trial court abused its discretion, we examine the procedural history of the case and the situation at the time of dismissal. *3 Penny Theater Corp. v. Plitt Theatres, Inc.,* 812 F.2d 337, 339 (7th Cir.1987). The district court is presumed to have acted reasonably, and will be reversed only if it commits an error of law or fails to consider factors essential to the exercise of sound discretion. *Kruger v. Apfel,* 214 F.3d 784, 786 (7th Cir.2000).

Our review of the record reveals no reason to disturb the district court's decision. Dismissal for failure to prosecute is appropriate where there is "a clear record of delay or contumacious conduct." *Dunphy v. McKee,* 134 F.3d 1297, 1299 (7th Cir.1998). In this case Malone requested and received numerous continuances, failed to meet court-ordered deadlines by refusing to participate in drafting the final pretrial order, missed status conferences, and finally refused to participate in the pretrial conference or any other stage of the litigation without a lawyer, despite the court's express warning that Malone's lawsuit was in danger of being dismissed for want of prosecution. Malone's conduct evidences a pattern of delay, non-compliance with court orders, and lack of prosecutive intent that justified dismissal. *See, e.g., Johnson v. Kamminga,* 34 F.3d 466, 468 (7th Cir.1994) (upholding dismissal where history of significant delays culminated in plaintiff's absence without credible excuse on first day of trial); *3 Penny Theater,* 812 F.2d at 339–40 (upholding dismissal where clear record of dilatory conduct included repeated failure to attend status hearings, failure to meet discovery deadlines, and failure to file pretrial order); *Locascio v. Teletype Corp.,* 694 F.2d 497, 499 (7th Cir. 1982) (upholding dismissal where plaintiffs failed to demonstrate good faith effort to obtain attorney to represent them at trial).

■ Malone contends that his medical condition prevented him from proceeding *pro se* and excused his delay in prosecuting his claims. He does not argue, however, that the district court should have recruited another lawyer for him. After his appointed lawyer withdrew, Malone never asked the court to find him another, and, regardless, the court was neither statutorily nor constitutionally bound to do so. *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995) (no right to counsel for civil litigants); *see also Otis v. City of Chicago,* 29 F.3d 1159, 1168–69 (7th Cir.1994) (no abuse of discretion when district judge observes plaintiff's uncooperative conduct with first lawyer and refuses to appoint a second lawyer). Instead, Malone apparently presses the untenable argument that

the district court should have continued his case indefinitely until he could retain a lawyer, despite his doubtful prospects of hiring one. Furthermore, the record lends no support to Malone's assertion that he was incapacitated by his medical condition, other than for his own representation that his doctor told him he was under too much stress, his personal view that he was not physically or mentally able to try the case, and a medical record indicating that seven weeks earlier he discharged himself from the hospital against medical advice. No medical findings or conclusions appear in the record to suggest that Malone was actually physically or mentally incapable of proceeding *pro se*. Therefore the district court did not abuse its discretion by insisting that the case proceed to trial or else be dismissed for lack of prosecution. *See Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 873–76 (7th Cir.2001) (court's refusal to continue trial when plaintiff enters in-patient treatment not abuse of discretion when no evidence offered regarding impact on plaintiff's participation in trial); *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1158–59 (7th Cir.1990) (court's decision to proceed to trial in defendant's absence not abuse of discretion when no sudden change of medical circumstances required rush to treatment).

Finally, Malone's remaining contentions that the dismissal of his lawsuit evidenced racial bias by the district court and violated the Constitution, judicial ethics rules, and local court rules are all frivolous and warrant no discussion. The judgment of the district court is AFFIRMED.