Brian ALSTON, Plaintiff–Appellant,

v.

DEUTSCH BORSE, AG and Deutsch Borse Systems, Inc., Defendants–Appellees.

No. 02–4328.

United States Court of Appeals, Seventh Circuit.

Argued July 9, 2003.

Decided Nov. 4, 2003.

Jason R. Epstein, Chicago, IL, for Plaintiff–Appellant.

Cathryn E. Albrecht, Brian D. McCarthy, Jackson Lewis, Chicago, IL, for Defendants–Appellees.

Before BAUER, COFFEY, and MANION, Circuit Judges.

### ORDER

Brian Alston was fired by Deutsch Borse, a German corporation, and he subsequently filed a lawsuit alleging national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The district court dismissed Alston's complaint with prejudice. Alston appeals. We affirm.

## Background

Alston was employed by Deutsch Borse as a technical help desk agent for six months during 2001. According to Alston, the company discriminated against him on the basis of his American nationality while he was participating in a training program in Germany. Alston alleged that during the program, he and two other Americans were reprimanded and required to undergo performance tests, while the European employees were not. Moreover, Alston alleged that the company allowed an e-mail critical of Americans to remain on its intranet after he complained that it was disparaging. After Alston brought this treatment to his employer's attention he was terminated. Following his termination, Alston filed a complaint alleging national origin discrimination and retaliation.

Throughout an eleven-month briefing and discovery period Alston's counsel failed to provide timely pleadings and written discovery responses. First, after Alston's initial complaint—filed on December 10, 2001 against Deutsch Borse and several individual defendants—was dismissed, Alston was permitted until March 27, 2002 to file an amended complaint. Alston's counsel failed to comply with this order and waited until April 9, 2002 to amend the complaint. Second, at a status hearing on May 1, 2002, the district court compelled Alston to file his Rule 26(a)(1) disclosures and responses to written discovery, because he had missed an extended deadline. Even after the order compelling responses, Alston did not file his answers for several months. Third, Alston's counsel failed to appear at a hearing on June 5, 2002, at which he sought leave to propound more interrogatories than permitted by the Federal Rules of Civil Procedure. Despite the failure of Alston's counsel to appear, the district court rescheduled the motion for a week later, and Alston's counsel again did not appear at the hearing. The district court denied Alston's motion for leave to file interrogatories, compelled Alston's responses to the overdue written discovery, and extended the discovery date to August 14, 2002. When Alston again failed to file any responses to written discovery by the extended deadline, Deutsch Borse filed its first motion to dismiss the complaint. At a hearing on July 10, 2002, Alston's counsel conceded that his discovery responses were overdue, and Deutsch Borse withdrew the motion and agreed to an extension of the discovery deadline.

In addition to failing to timely provide written discovery responses, Alston repeatedly refused to be deposed. Indeed, Deutsch Borse noticed Alston's deposition four times, and only once did he appear. First, on July 24, 2002, Alston failed to appear for his deposition, which Deutsch Borse had noticed two weeks earlier. Second, after Alston failed to appear at his first deposition, Deutsch Borse re-noticed it for August 15, 2002, and Alston again did not appear. Deutsch Borse immediately moved to dismiss the complaint a second time, and Alston's counsel failed to file a timely response. The district court denied the motion and permitted depositions of Alston on October 9, 2002, and Carlos Reyes, one of Deutsch Borse's employees, on October 10, 2002. Alston's counsel cancelled Reyes's deposition the day before it was to be taken. Third, on October 9, 2002, at Alston's deposition, counsel requested multiple breaks and Alston asserted a Fifth Amendment privilege. In response to these tactics, Deutsch Borse asked the court to compel Alston to complete his deposition. The district court permitted yet another extension to the discovery deadline, allowing Deutsch Borse to depose Alston before November 27, 2002. Finally, in its attempt to finish deposing Alston, Deutsch Borse served another notice of deposition

set for November 15, 2002. Again, Alston did not appear, despite several phone calls and letters seeking his cooperation.

Based upon Alston's failure to participate in discovery, Deutsch Borse again renewed its motion to dismiss the complaint and sought to present the motion at a November 27, 2002 status hearing. Alston's counsel did not appear at this hearing, but instead sent an attorney who was unfamiliar with the case. After reviewing the record, the district court dismissed Alston's complaint with prejudice. We affirm.

## Discussion

On appeal Alston contends that the district court abused its discretion by dismissing his complaint as a penalty for his abuse of the discovery process. District courts have the authority to dismiss complaints to penalize parties who fail to comply with procedural rules and orders, as well as to deter future violations. *See* Fed.R.Civ.P. 37(b)(2)(c); *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Johnson v. J.B. Hunt Transp., Inc.,* 280 F.3d 1125, 1130 (7th Cir.2002). We review for abuse of discretion a dismissal as a sanction for discovery violations. *See Nat'l Hockey League,* 427 U.S. at 643–44; *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 907 (7th Cir.2003).

The district court did not specify which rules provided the basis for its dismissal of Alston's complaint, but Federal Rules of Civil Procedure 37 and 41 provide bases apparent in the record for the dismissal. *Wilhelm v. County of Milwaukee,* 325 F.3d 843, 846 (7th Cir.2003) (dismissal may be affirmed on any basis in the record). Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute, or failure to comply with the Federal Rules of Civil Procedure or court orders, upon a

showing that "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *See Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir.1998). Rule 37 similarly allows for dismissal where a party fails to appear for his noticed deposition or fails to make mandatory disclosures. Although Rule 37 does not require a pattern of abuse, the district court must make a finding of "willfulness, bad faith or fault" to justify the sanction. *See Maynard v. Nygren,* 332 F.3d 462, 467–68 (7th Cir.2003). A district court need not make a finding of willfulness under Rule 37 explicitly; rather, such a finding may be implicit in the record. *See In re Golant,* 239 F.3d 931, 936 n. 1 (7th Cir.2001).

Alston first argues that he should not have been sanctioned because his repeated failure to appear for a deposition was not "willful" or in bad faith. But although Alston is correct that dismissal is a harsh sanction, the failure to appear for deposition is treated as a more significant violation than other discovery abuses. *See Halas v. Consumer Servs., Inc.,* 16 F.3d 161, 165 n. 6 (7th Cir.1994) (holding that dismissal for failure to appear for deposition does not require a finding of willfulness). The record indicates that Deutsch Borse noticed Alston's deposition four separate times. He failed to appear at depositions scheduled for July 24, August 15, and November 15, 2002. Only on October 9, 2002, did Alston appear so that he could be deposed, in response to a direct court order, and that deposition was not completed. At no time did Alston seek a protective order or claim that he had not received notice of these depositions. Given Alston's repeated refusal to be deposed, the district court did not abuse its discretion under Rule 37(d) by dismissing his case.

The district court's dismissal of Alston's complaint may also be permitted under Rule 41, which provides broader authority to dismiss complaints when a party violates deadlines or fails to participate in discovery. *See Ladien v. Astrachan,* 128 F.3d 1051, 1056–57 n. 5 (7th Cir.1997). Alston again contends that no showing of "willfulness" was made that would justify the district court's extreme sanction of dismissal. But Rule 41 does not require a showing of willfulness, though many cases in which the court affirmed sanctions involved a pattern of repeated abuse. *See Ladien v. Astrachan,* 128 F.3d 1051, 1056 n. 5 (7th Cir.1997); *Newman v. Metro. Pier & Exhibition Auth., Inc.,* 962 F.2d 589, 590–91 (7th Cir.1992). Here, Alston failed to attend three noticed depositions, failed to respond to written discovery when twice ordered to do so by the court, and his counsel did not appear at numerous status and motions hearings. Given this long pattern of obstruction, the district court acted within its discretion by dismissing the complaint.

Alston's second argument is that the district court abused its discretion by dismissing the complaint instead of considering other possible sanctions. While dismissal is clearly an extreme remedy, district courts are not required to employ graduated sanctions. *See Rice v. City of Chicago,* 333 F.3d 780, 784 (7th Cir.2003) (citing *Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993)); *Halas,* 16 F.3d at 165. In any event, the district court did indeed entertain the possibility of other sanctions, and its reluctance to dismiss the complaint is also apparent from the record. Judge Hart did not dismiss Alston's complaint, for instance, until Alston had failed to appear for and complete a deposition *four times.* When Alston cancelled a noticed deposition of Deutsch Borse's employee Carlos Reyes, Judge Hart penalized Alston by not allowing him to take any further depositions. Even after Alston admitted that he failed to file written responses to discovery requests, including his mandatory disclosures under Fed.R.Civ.P. 26(a), Judge Hart repeatedly compelled responses, but did not dismiss the complaint until a pattern of obstruction became clear. Only after imposing these specific sanctions and developing a record of discovery violations did Judge Hart exercise his discretion to dismiss Alston's complaint.

AFFIRMED.