In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3685

GREGORY MCINNIS,

*Plaintiff-Appellant,*

*v.*

ARNE DUNCAN, United States
Department of Education, Secretary,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:11-cv-02879—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED AUGUST 8, 2012—DECIDED OCTOBER 12, 2012

Before BAUER, WOOD, and SYKES, *Circuit Judges.*

PER CURIAM. Gregory McInnis, a law-school graduate who has never been licensed to practice, filed a pro se complaint accusing his employer, the Department of Education, of violating federal law by passing him over for promotion and giving him a performance appraisal that he says is both inaccurate and incomplete. But after he had failed for a second time to attend a scheduled

hearing, the district court dismissed the suit for failure to prosecute. We conclude that dismissal was not an abuse of discretion; the district court reasonably could have found McInnis' conduct serious enough to warrant dismissal, and the court had warned him after the first no-show that a repeat could lead to dismissal.

## I.

McInnis has worked for the Department of Education for more than 20 years, never as a supervisor. In June 2009, he applied for promotion to a supervisory job. He lost out to a female candidate, and a few weeks later, management gave him a performance appraisal rating his work as satisfactory but including written comments that he viewed as inaccurate and incomplete. After submitting two administrative charges alleging race and gender discrimination as well as retaliation, McInnis filed suit against the agency claiming that management had violated the Whistleblower Protection Act, 5 U.S.C. §§ 1211 to 1222, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

The agency moved to dismiss McInnis' whistleblower claim for failure to exhaust, arguing that he never submitted that allegation to the United States Office of Special Counsel ("OSC") as required before filing suit, *see* 5 U.S.C. §§ 1214(a)(3), 7703. The district court scheduled a hearing on that motion for August 23, 2011, and continued the hearing to August 30 at McInnis' request. McInnis then wrote "amended" on his original complaint and refiled it with a copy of correspondence from

the Office of Special Counsel informing him that OSC had closed his file when he failed to respond to its proposed factual and legal determinations.

McInnis failed to appear at the August 30 hearing. There is no transcript of this proceeding, but afterward the district court issued a minute order. That entry discloses that the court denied as moot the agency's motion to dismiss McInnis' initial complaint in light of the "amended" version. The court also scheduled a status hearing for November 3. The court added that McInnis "is warned that failure to appear on a Court's noticed hearing may result in the dismissal of the action, for want of prosecution, pursuant to [N.D. Ill.] Local Rule 41.1." McInnis failed to appear on November 3. By then the Department of Education had moved again to dismiss the complaint except for the Title VII claim, and in open court the district judge asked the agency's lawyer whether she had communicated with McInnis. Counsel replied:

> Yes. We have had a lot of contact. In fact, he called me last week asking to have this date continued and I—because he wanted to get an attorney and I suggested that would be fine, how about if we continue my answer date as well and he would have none of that.
>
> So he said he would see me here today so I expected to see him. If you'd like me to have the case recalled.

After that the court passed McInnis' case and heard other matters to give him a chance to show up, but the court did not direct anyone (at least on the record) to

try calling him. Nor did the agency's lawyer represent that she had tried to call McInnis while waiting on the judge. When the case was recalled, counsel said this about her most recent conversation (by telephone) with McInnis:

> I don't think he was pleased to hear that I was going to do another motion to dismiss so he—I just reiterated that he wanted 30 days to get a lawyer so that's the only thing he's asked for.
>
> . . . .
>
> And we had agreed that I would then get an extension of the answer date. When we had called your clerk, he then changed his tune and we—he said he would see me today. So all I can tell you is that he wants to look for a lawyer.

The court then dismissed the lawsuit with prejudice for failure to prosecute, explaining that McInnis had been warned of this consequence after missing his most recent court date. Twenty-nine days later, the lawyer who presently represents McInnis filed a notice of appeal from the dismissal, but in the interim counsel did not ask the district judge to reconsider that decision.

## II.

On appeal McInnis argues that the district court abused its discretion by dismissing his pro se lawsuit. In his brief, McInnis represents that on October 28, 2011—six days before the November 3 hearing—he and

the agency's lawyer "jointly contacted" the judge's law clerk "and left a message requesting a continuance." That representation, which the agency's lawyer ignores in her appellate brief, would appear inconsistent with the inference she left at the hearing about the content of the parties' phone message to the clerk: Counsel told the district court that, "[w]hen we had called your clerk, he then changed his tune and . . . said he would see me today," which implies that the message left for the clerk was not a request for a continuance. In fact, the agency's lawyer tells this court that "neither party asked the court to move the November 3, 2011, status hearing." McInnis does not say that he ever received confirmation from the court that the hearing date had been changed, but the parties do appear to dispute whether a continuance was requested, at least informally. And that dispute raises a question about how the district judge viewed the situation when he exercised his discretion to dismiss the case. McInnis contends that dismissal for failure to prosecute is appropriate only if "there is a clear record of delay or contumacious conduct" or if "other less drastic sanctions have proven unavailing," *see Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (quoting *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008)), and he argues that the district court failed to consider less severe sanctions and was not justified in finding the contumacious or dilatory conduct that would support dismissal as a sanction of first resort. McInnis also suggests that the district court gave insufficient consideration to his pro se status. Although McInnis' conduct was not as egregious as that of some litigants whose suits are

properly dismissed for failure to prosecute, his neglect in pursuing his case was sufficiently serious to warrant dismissal. While we have held that a single missed filing deadline or status hearing does not support dismissal for failure to prosecute, *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Del Carmen v. Emerson Elec. Co.*, 908 F.2d 158, 163 (7th Cir. 1990); *Schilling v. Walworth Cnty. Park & Planning Comm'n*, 805 F.2d 272, 276 (7th Cir. 1986), we have upheld dismissal for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal, *see Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006); *Ball v. City of Chicago*, 2 F.3d 752, 753-54 (7th Cir. 1993); *see also Alston v. Deutsch Borse, AG*, 80 F. App'x 517, 520 (7th Cir. 2003); *Malone v. Foster Wheeler Constructors, Inc.*, 21 F. App'x 470, 472 (7th Cir. 2001); *Dax v. Am. Bd. of Psychiatry and Neurology, Inc.*, 10 F. App'x 364, 366-67 (7th Cir. 2001); *Swarm v. Siemens Bus. Commc'ns Sys., Inc.*, 9 F. App'x 512, 515 (7th Cir. 2001); *Walker v. Will Cnty. Sheriff's Dep't*, No. 95-2604, 1997 WL 697168, at *4 (7th Cir. Nov. 3, 1997) (nonprecedential decision). We have also affirmed dismissals where a single nonappearance was combined with other instances of violating court orders. *See Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994); *Lockhart v. Sullivan*, 925 F.2d 214, 219 (7th Cir. 1991); *see also Schmidt v. Campanella Sand & Gravel Co., Inc.*, 49 F. App'x 647, 650 (7th Cir. 2002).

McInnis attempts to distinguish his conduct by asserting that his second absence was "predicated on a misunderstanding as to whether the hearing had been continued." As a consequence, he insists, he lacked the

willfulness necessary to support a finding of dilatory or contumacious intent. The problem with this argument is twofold. First, McMinnis has never explained his *first* absence or asserted that he had good cause for missing that hearing. Second, in trying to minimize his absence on November 3, McInnis relies on facts that, even if true, were apparently unknown to the district court. He asserts that he and opposing counsel jointly left a message with the district judge's clerk requesting a continuance and that he mistakenly believed that their request had been granted. It is troubling that counsel for the Department of Education has not denied McInnis' account of their phone message, despite allowing—or at least appearing to allow—the district court to believe that no continuance had been requested. But that scenario is not confirmed by the present record, and McInnis' say-so is not enough. As far as the record shows, the district court knew only that McInnis had been admonished to appear on November 3, that he was trying to retain counsel, that the parties had been unable to reach an agreement to request a continuance, and that McInnis had nevertheless failed to show up. McInnis could have explained his version of events in a motion to reconsider or to vacate the dismissal, *see* FED. R. CIV. P. 59(e), 60, but having failed to do so there is no basis to conclude that the district court erred in finding his conduct contumacious or dilatory. *See United States v. Hoover*, 246 F.3d 1054, 1064 (7th Cir. 2001) (Rovner, J., concurring) (explaining that parties to an appeal may not "stray beyond the bounds of the record for reasons so obvious and familiar that

they scarcely require mention"); *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1997) ("Evidence that was not proffered to the district court in accordance with its local rules is not part of the appellate record; it has no place in an appellate brief."); s*ee also Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994) (noting that plaintiff's failure to move to alter judgment and submit evidence corroborating claim of excusable neglect undercut argument that dismissal was abuse of discretion).

McInnis also argues that the district court erred by failing to consider lesser sanctions. In general, we have recommended that district courts consider less severe sanctions before dismissing for failure to prosecute, *see Kasalo*, 656 F.3d at 562; *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003); *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999), but judges do not abuse their discretion by declining to employ "progressive discipline," *Johnson*, 34 F.3d at 468 (noting that such a rule would effectively grant "each litigant one opportunity to disregard the court's schedule without fear of penalty"); *Ball*, 2 F.3d at 756. And although we have said that in the case of ordinary misconduct a district judge must warn a pro se plaintiff of the possibility of dismissal, *Fischer*, 446 F.3d at 665; *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995), the judge need not do so through a "warning shot" in the form of less severe sanctions, *In re Bluestein*, 68 F.3d at 1026; *Johnson*, 34 F.3d at 468; *Halas*, 16 F.3d at 165. Moreover, we have explained that sanctioning a negligent attorney while permitting a suit to go forward allows

courts to avoid punishing innocent plaintiffs for their lawyers' transgressions. *See Aura Lamp & Lighting,* 325 F.3d at 908*; Ball,* 2 F.3d at 757. This concern does not apply when, as here, the negligence is traceable to the plaintiff himself.

Nor does McInnis' pro se status require greater leniency than he received. (And McInnis *is* pro se; he graduated from law school but has never practiced or even been licensed. The Department of Education cites no authority for its view that anyone with a law degree is a "lawyer." A "lawyer" is "[o]ne who is licensed to practice law." Black's Law Dictionary 895 (7th ed. 1990). That description does not fit McInnis and never has.) As we often have reminded litigants, even those who are pro se must follow court rules and directives. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). And, although McInnis' law degree does not make him a lawyer, his training should have given him greater insight than the typical pro se litigant about the need to follow court directives.

AFFIRMED.