NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014[*]
Decided February 13, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2073

| | |
|---|---|
| GEORGE JENKINS, JR.,<br>　　　*Plaintiff–Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 3949 |
| KENNETH MILES, *et al.*,<br>　　　*Defendants–Appellees*. | Harry D. Leinenweber,<br>*Judge*. |

**O R D E R**

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

George Jenkins sued two police officers and the City of Chicago under 42 U.S.C. § 1983 and various Illinois statutes, alleging false arrest, false imprisonment, malicious prosecution, denial of medical care, and conspiracy. After Jenkins missed a status hearing and twice refused to sit for a deposition, despite warnings that he must, the district court dismissed the suit for failure to prosecute. Jenkins appeals, contending that the dismissal was an abuse of discretion. We affirm because the district court reasonably concluded that Jenkins's conduct justified the dismissal.

According to Jenkins's complaint, a fellow passenger on a bus beat him unconscious. When the police arrived, other passengers said that Jenkins had started the fight, and the police arrested him for simple battery. At the police station, Jenkins asked to go to the hospital. Officers told him that hospitalization would delay his release, so Jenkins decided to wait until he got out of jail to visit the hospital. He was released that day, and the charge against him was later dropped.

From the start, this litigation was troubled. Early in the suit, Jenkins asked for appointment of counsel, which the judge denied. A few months later, at a status hearing that Jenkins missed, defense counsel complained that Jenkins was eight days late in responding to written discovery. The judge ordered Jenkins to appear at the next status hearing, which Jenkins did, telling the court that he had missed the earlier hearing because for five days he was "extremely sick" and "suffering from an extreme case of fatigue and weakness." The judge passed over this proffered excuse and discussed Jenkins's tardy discovery responses; Jenkins attributed the delay to confusion about his current address. The judge next instructed Jenkins that he had to sit for his deposition, which had been set for later that month. Jenkins replied that he understood. He then asked the judge to reconsider his motion for appointment of counsel, and the judge told him to "wait until the deposition is over, and we'll see what the case consists of."

Despite the court's instruction, Jenkins refused to sit for the deposition. Although he showed up for it, a few minutes after defense counsel began the deposition, Jenkins asked how long it would last. Counsel answered it would be "as long as it needs to be" and that the rules allow for seven continuous hours. *See* FED. R. CIV. P. 30(d)(1). Jenkins replied that he refused to sit for seven hours because he had to be "somewhere else" in under two hours. Defense counsel advised that the deposition would not be finished by then and warned Jenkins that he would seek costs for the extra deposition session. Jenkins responded that monetary sanctions could not affect him: "You can't get blood from a turnip. You can't get blood from a rock. I'm an indigent. I am poor; I don't have no income." Defense counsel asked Jenkins if he understood that his case could be

dismissed if he failed to complete his deposition, and Jenkins said that he did. After some back and forth, Jenkins agreed to resume his deposition two weeks later. Defense counsel gave him notice of that deposition, and Jenkins left.

The deposition never resumed. Instead, Jenkins again moved for appointment of counsel, offering a new reason for having left his deposition early. He told the court that he needed a lawyer at the deposition because of the "rude and uncongenial attitude and manner of the defendants' attorney," whom Jenkins accused of "gestapo tactics." He also thought that a seven-hour deposition was unnecessary because he had attached an affidavit to his complaint that answered most of the defendants' potential questions. Jenkins advised defense counsel that he would not attend the resumed deposition without a lawyer. In response, the defendants moved to compel the deposition.

At the hearing on the defendants' motion, Jenkins asked the judge about his motion to appoint counsel. The judge responded that he would not consider the motion because Jenkins had not filed the required notice of presentment. The judge then dismissed the case for want of prosecution, citing Jenkins's previous failure to appear for a status hearing combined with his two refusals to sit for his deposition. Jenkins asked the court to reconsider under Federal Rule of Civil Procedure 59(e) and renewed his request for counsel. He argued that he could refuse to sit for his deposition because Federal Rule of Civil Procedure 30(d)(3)(A) provides that "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." The district court denied the motion, explaining that Jenkins's dislike of the seven-hour deposition, his untested affidavit, and his "vague fear of 'gestapo tactics'" did not justify disrupting the court's docket and wasting the defendants' resources.

On appeal Jenkins reiterates that, because he sought counsel before the resumed deposition out of fear that the defendants would harass him, the district court abused its discretion in dismissing his suit. He does not contest that district courts have the inherent authority to dismiss suits, even sua sponte, for failure to prosecute, so long as they exercise their discretion reasonably. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). On this record, the district judge did not abuse his discretion. *See James*, 417 F.3d at 681.

First, Jenkins twice refused to sit for his deposition, and his explanations for doing so were inconsistent and inadequate, allowing the court to conclude that his

conduct was dilatory. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 664–65 (7th Cir. 2006); *Lockhart v. Sullivan*, 925 F.2d 214, 217–18 (7th Cir. 1991). The transcript of the cut-off deposition shows that he left, not because of counsel's conduct, but merely because he wanted to be "somewhere else" after two hours. But Rule 30(d)(1) allows for seven straight hours. Later, when he renewed his request for counsel and again refused to sit for his deposition, Jenkins shifted his excuse from his desire to be somewhere else to the alleged misconduct of the defendants' lawyer, for which he invokes Rule 30(d)(3)(A). That rule allows a deponent to interrupt a deposition to seek court protection from abusive questioning, and Jenkins believes that his motion for counsel served that purpose. But the transcript offers no support for his reliance on Rule 30(d)(3)(A). The rule requires that the deponent first object *during* a deposition, and Jenkins never complained during the deposition. In any event, the transcript shows no abuse. And, as the district court observed, Jenkins's motion for counsel suffered from another defect that the court could hold against him: The motion was not accompanied by a notice of presentment, as mandated by Local Rule 5.3 of the Northern District of Illinois. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("As we have often reminded litigants, even those who are pro se must follow court rules and directives.").

Second, Jenkins received a warning, which he ignored, from defense counsel that he had to attend his deposition or risk dismissal. The warning came after Jenkins had already delayed the case by failing to respond to discovery, missing a status hearing, and leaving his first deposition session early. True, the court never expressly rejected Jenkins's excuses that he missed the status hearing and the discovery due-date because of an illness and confusion over his address. But in dismissing this suit the court could rely on its own admonition to Jenkins that he must attend his deposition and the unheeded warning from the defendants that missing the resumed deposition could lead to dismissal. *See Fischer*, 446 F.3d at 666 (affirming dismissal where, among other things, pro se plaintiff was warned by defendants' motion that case could be dismissed if plaintiff continued to ignore discovery deadlines).

Finally, the record supplied the district court with reason to believe that monetary sanctions would not deter further delays. In response to opposing counsel's warning that he might have to pay for costs if he quit the deposition early, Jenkins boasted that he did not care because he was judgment-proof. "A plaintiff who gratuitously imposes huge unrecoverable costs on his adversary cannot successfully oppose dismissal on the ground that he can't pay those costs, for then abuse of the litigation process to harass a defendant would be undeterred." *Williams v. Adams*, 660 F.3d 263, 266 (7th Cir. 2011). Although Jenkins had not yet imposed "huge" costs, his

bluster suggested that no monetary sanction would deter his delays. In light of Jenkins's repeated and unjustified failure to sit for his deposition despite the court's instruction and defense counsel's warning, and his proclaimed imperviousness to monetary sanctions, dismissal was not an abuse of discretion. *See McInnis*, 697 F.3d at 663–65 (affirming dismissal where pro se plaintiff failed to attend two hearings and was warned of the possibility of dismissal).

AFFIRMED.