NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2016[*]
Decided April 14, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3471

| | |
|---|---|
| BEVERLY P. WESLEY,<br> *Plaintiff-Appellant,*<br><br> *v.*<br><br> JULIÁN CASTRO, Secretary of the<br> United States Department of Housing<br> and Urban Development, and CAGAN<br> MANAGEMENT GROUP,<br> *Defendants-Appellees.* | Appeal from the United States District<br> Court for the Northern District of Illinois,<br> Eastern Division.<br><br> No. 15 C 6833<br><br> Manish S. Shah,<br> *Judge.* |

**O R D E R**

Beverly Wesley lost her home in Crete, Illinois, after defaulting on her mortgage loan. An Illinois state court entered a judgment of foreclosure in April 2014 and a year later approved a judicial sale of the property. Wesley then brought this action in federal court, ostensibly under 42 U.S.C. § 1983, claiming that the "foreclosing entity," Cagan Management Group, had violated the Constitution of the United States by commencing the foreclosure action. Wesley also listed as a defendant the Secretary of the U.S.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Department of Housing and Urban Development. After Wesley failed for a second time to attend a scheduled hearing, the district court dismissed the suit for failure to prosecute. Because we conclude that the district court did not abuse its discretion, we affirm the dismissal.

Missing a single hearing usually will not warrant dismissing a lawsuit for failure to prosecute. *See McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012); *Del Carmen v. Emerson Elec. Co.*, 908 F.2d 158, 163 (7th Cir. 1990). But when a plaintiff misses multiple hearings and has been warned of the possibility of dismissal, dismissal may be warranted. *See McInnis*, 697 F.3d at 664; *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665–66 (7th Cir. 2006). Wesley's case was not dismissed after a single missed hearing. Rather, after Wesley had missed the first hearing, the district court issued a minute entry warning her that failing to show up at the next hearing risked dismissal of her suit. Despite this warning Wesley did not appear at the hearing two weeks later. Moreover, Wesley has not tried to explain her absences, either to the district court in a motion to reconsider or vacate the dismissal, *see McInnis*, 697 F.3d at 664–65, or in her appellate brief. On this record, we cannot conclude that the court abused its discretion in dismissing her suit.

AFFIRMED.