NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 6, 2016
Decided October 18, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 16-1460

| | |
|---|---|
| JAN KOWALSKI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 15 CV 6500 |
| COOK COUNTY SHERIFF'S DEP'T., et al., | |
| *Defendants-Appellees.* | Thomas M. Durkin, *Judge.* |

**ORDER**

Jan Kowalski sued several law enforcement officers for using excessive force against her in violation of the Eighth and Fourteenth Amendments, *see* 42 U.S.C. § 1983. But after she missed a deadline for filing her amended complaint and did not appear for two status hearings, the district court dismissed her suit with prejudice for failure to prosecute. Because the court did not abuse its discretion in dismissing the suit, we affirm the judgment.

In July 2015 Jan Kowalski, a licensed, practicing attorney in Illinois, filed a suit in federal court under 42 U.S.C. § 1983 alleging that Cook County law enforcement officers

used excessive force against her. She alleged that officers investigating drug manufacturing at the guesthouse on her property cuffed her too tightly, dragged her down the driveway to the patrol car, and threw her into the back of the car. She asserted that as a result she suffered nerve damage in her wrist and hand.

Six months later, the district court dismissed Kowalski's suit for failure to prosecute after she missed a deadline and failed to appear at two status hearings. In early October 2015 the court had granted Kowalski leave to amend her complaint, but she let the deadline pass with no communication to the court. She then missed the next scheduled status hearing in December, without attempting to reschedule or notifying the court that she would be absent. On that day the district judge went on to other matters to give Kowalski more time to appear and the defendants' counsel left her multiple voice and e-mail messages, but Kowalski did not respond. The district court entered an order setting a new status hearing in January 2016 and warning Kowalski that if she did not appear personally or through counsel he would dismiss her suit. The judge followed through on that promise and dismissed her suit when Kowalski missed the January hearing, again with no communication or attempt to reschedule.

Kowalski then filed a motion for reconsideration, *see* FED. R. CIV. P. 59(e), arguing that the court should reinstate her case because she had been too busy campaigning for the position of Recorder of Deeds to realize that the deadline was approaching or to contact the court about the status hearings. She contended that it was impossible for her to appear at either of the missed status hearings—the first conflicted with an appearance she had to make before the Cook County Board of Election and the second occurred at the same time she had to appear in another court about an unrelated case.

The district court denied Kowalski's motion. The district judge concluded that as an attorney Kowalski knew the importance of meeting court deadlines and appearing at scheduled hearings. He recognized that she had conflicts on the dates of the missed hearings but noted that it had been "radio silence" from her since October, and nothing had prevented her from at least calling his chambers to try to reschedule. He emphasized that he had explicitly warned Kowalski that a second failure to appear would result in dismissal.

On appeal Kowalski argues that because she had "specific and substantiated reasons" for her unavailability at the status hearings, her behavior was not sufficiently egregious to warrant dismissal. She further contends that the court should have

considered lesser sanctions and that the defendants suffered no prejudice from delays so early in the litigation.

We conclude that the district court did not abuse its discretion. Though a single missed deadline or status hearing does not always warrant dismissal, *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Del Carmen v. Emerson Elec. Co.*, 908 F.2d 158, 163 (7th Cir. 1990), this court has upheld such a sanction "for plaintiffs who fail to attend multiple hearings and have been warned of the possibility of dismissal." *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012); *see also Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006); *Ball v. City of Chicago*, 2 F.3d 752, 753–54 (7th Cir. 1993). And though district courts should generally consider less severe sanctions, they do not abuse their discretion in "declining to employ progressive discipline," especially where, as here, the plaintiff has been warned and the negligence is traceable to the plaintiff herself, rather than her attorney. *McInnis*, 697 F.3d at 665; *see Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994); *Ball*, 2 F.3d at 756. Finally, the plaintiff's behavior is not excused by the fact that it happened early in the litigation process; the delay wasted the defendants' and the court's time and resources. *See McInnis*, 697 F.3d at 662–63, 665 (upholding dismissal for failure to prosecute suit that had been ongoing for only a few months and was still in the pre-answer stage).

AFFIRMED.