NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017[*]
Decided December 6, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-4025

| | |
|---|---|
| RONDELL WATTS,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 15 C 10157<br><br>Jeffrey N. Cole,<br>*Magistrate Judge.* |

**O R D E R**

Rondell Watts appeals the magistrate judge's decision to dismiss this civil action for failure to prosecute. Despite repeated warnings and extensions, Watts did not follow the judge's instructions to either pay the requisite filing fee or explain why he did not declare income sources in his "In Forma Pauperis Application and Financial Affidavit" that he had disclosed during his hearing for social security benefits. Because the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

magistrate judge issued two warnings, waited six months, and considered other sanctions before dismissing, we affirm.

Rondell Watts filed a complaint on November 9, 2015 in which he claimed that the Social Security Administration wrongfully denied him supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* Along with the complaint, Watts filed an application to appear IFP. The judge denied Watts's application as incomplete on February 9, 2016. Watts refiled his IFP application on February 19. The judge granted the application on February 29. Two days later the judge received the transcript from the hearing on Watts's application for social security benefits. In reviewing the transcript, the judge found a discrepancy between the information Watts provided in his IFP application and what he had said at the hearing. In his IFP application, he denied any recent source of income, but at the hearing he said he had received public assistance and money from panhandling. The judge denied the application on March 8 and gave Watts thirty days to pay the filing fee.

The court did not hear from Watts for thirty days, and on April 11 the judge granted him a thirty-day extension to either pay the fee or explain the discrepancy. On May 10 Watts finally responded. He filed a motion requesting another thirty days to respond, saying only that he had been on Prozac during the hearing.

The judge was not satisfied with Watts's explanation. He stated that he was puzzled by Watts's assertion that his use of Prozac during the hearing could explain the discrepancy between his hearing testimony and his IFP application; the judge did not believe that the medication would have caused Watts to testify that he was receiving public assistance when in fact he was not. The problem, the court explained, "seems to be with his answers on the in forma pauperis application, not his answers at his hearing." Still the judge gave Watts one final, thirty-day extension to comply with the April 11 order, either by providing an explanation or paying the filing fee.

Six more months passed without any word from Watts, and on November 18, 2016, the judge dismissed the case under Northern District of Illinois Local Rule 41.1 for failure to prosecute.[1]

---

[1] "Cases which have been inactive for more than six months may be dismissed for want of prosecution. An order of dismissal for want of prosecution or an order of default may be entered if counsel fails to respond to a call of the case set by order of court. Notice of the court call shall be by publication or as

Watts appeals, though he does not develop any particular argument to challenge the court's conclusion. *See* FED. R. APP. 28(a)(8). We conclude that the magistrate judge did not abuse his discretion in dismissing Watts's case for want of prosecution. *See McInnis v. Duncan*, 697 F.3d 661, 662 (7th Cir. 2012). Watts's neglect in pursuing his case was sufficiently serious to warrant dismissal. *Id.* at 664. The judge twice warned Watts that his case would be dismissed if he did not pay the filing fee or explain why he did not declare on the IFP application those sources of income that he disclosed at the hearing. After Watts—having been warned of the consequences of inaction—did not take any action for six months, the judge was justified in dismissing his case. *See* N.D. Ill. Local Rule 41.1; *Dupree v. Hardy*, 859 F.3d 458, 461–63 (7th Cir. 2017). The judge also properly considered the less severe penalty of monetary sanctions but reasonably determined that it would be ineffective given that Watts requested to appear IFP and refused to pay the filing fee. *See Dupree*, 859 F.3d at 463.

AFFIRMED.

---

otherwise provided by the court. In the Eastern Division publication shall be in the Chicago Daily Law Bulletin unless the court provides otherwise." N.D. Ill. Local Rule 41.1.