NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2021[*]
Decided April 12, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID P. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2929

| | |
|---|---|
| ALICE F. JEFFRIES,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:19-cv-329-TLS-JEM |
| CARLOTTA ADAMS, et al.<br>    *Defendants-Appellees*. | Theresa L. Springmann,<br>*Judge*. |

**O R D E R**

Alice Jeffries appeals the dismissal of her lawsuit for failure to prosecute. The district court had dismissed her case after she repeatedly missed conferences and failed to comply with court directives. Because the district court warned Jeffries multiple times of the consequences of her noncompliance and appropriately exercised its discretion to dismiss the case, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In August 2019, Jeffries brought this suit in diversity against her siblings for conversion, fraud, and breach of contract with regard to her share of earnings from the family's rental properties. About five weeks later, in early October, Jeffries notified the court of a change in her address.

Jeffries then proceeded to miss the first of several scheduled court appearances. In December 2019, she did not appear at a mandatory pretrial conference. *See* FED. R. CIV. P. 16. The court ordered Jeffries to appear at a hearing in January 2020 to show cause why she should not be held in contempt for missing the conference. The court warned Jeffries that failing to appear or comply with the order could result in the dismissal of her case.

Jeffries also failed to attend the January conference. The court, which had even tried to telephone her on the day of the conference, sent another show-cause order. It ordered Jeffries to update her address, as the court's previous mailing (the initial show-cause order) had been returned with notations that it was "unclaimed" from her P.O. box and "unable to forward." The court also ordered Jeffries to file a response by March 2 to explain her absences in December and January. The court warned her a second time that failing to comply with this order could result in dismissal.

Jeffries missed that deadline too, and the defendants moved to dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b). In April, the court took the motion under advisement, ordering Jeffries to respond to it and to provide a reliable telephone number and street address at which she could be reached. The court also rescheduled the Rule 16 conference for June, warning Jeffries—for a third time— that failing to comply with the order may result in dismissal.

This time Jeffries responded, apologizing for her omissions and absences. She explained that her husband had been ill and insisted that she had provided updated contact information to the court (though no docket entry reflects any updates).

On June 11, the court held the telephonic Rule 16 conference. Jeffries did not call in to the conference and did not answer calls that the court tried to place at both of her provided phone numbers.

The district court then granted the defendants' motion and dismissed the case with prejudice under Rule 41(b) for failure to prosecute. The court explained that it had

explicitly warned Jeffries multiple times that her case might be dismissed if she failed to appear for scheduled conferences or hearings or comply with court directives.

On appeal, Jeffries first argues that the court abused its discretion by dismissing the case after she failed to attend "one" teleconference—the Rule 16 conference held on June 11. She insists that dismissal of her case for missing this single conference was an excessive sanction.

Jeffries misapprehends the basis of the court's dismissal order. The court based its dismissal on not one missed conference, but rather a pattern of missed deadlines and disregard for court orders. As the court explained, Jeffries failed to appear for three scheduled hearings or conferences—the initial Rule 16 conference (December), show-cause hearing (January), and rescheduled Rule 16 conference (June)—and on another occasion failed to comply with a court-imposed March deadline to account for her prior absences. That pattern of neglect was sufficiently serious to warrant dismissal under Rule 41(b). *See McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012) (repeated missed deadlines or single nonappearance combined with other instances of violating court orders justified dismissal). Having offered Jeffries multiple warnings and second chances, the district court appropriately exercised its discretion to dismiss her case.

Jeffries relatedly argues that the court erred by not considering lesser sanctions before dismissing her case. For dismissals under Rule 41(b), however, "[t]here is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018*); see also McInnis*, 697 F.3d at 665 (noting that "judges do not abuse their discretion by declining to employ progressive discipline") (internal citation and quotation marks omitted). District courts generally should explore other options before dismissing a suit outright, *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013), and the court did so here. After each missed hearing, conference, or court-imposed deadline, it extended a warning—three times altogether—before dismissing Jeffries's suit. And to clear up any miscommunication, the court twice ordered her to update her contact information and to account for her missed appearances or disregard of deadlines. Jeffries had more than sufficient notice that noncompliance with the court's orders could result in dismissal of her case. *See McMahan*, 892 F.3d at 933.

Jeffries also challenges the dismissal of her case on grounds that the court did not fully appreciate her circumstances. She asserts, for instance, that she did not receive

several of the court's orders, and that her desire to cooperate and prosecute her case is supported by her prompt submissions in response to the court's order in April.

We believe that the court acted with care and patience in the steps it took before dismissing this case. The court twice directed Jeffries—after she had missed the January conference and the March deadline—to update her contact information. Like all litigants, she had an obligation to monitor her case's status (by periodically checking the court's docket) and to respond promptly to the court's orders. *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir 2020) (failure to check docket for seven months not excusable neglect). And with regard to the rescheduled Rule 16 teleconference in June, the court could not reach Jeffries after calling both of her provided phone numbers. Based on these circumstances, the court's decision to dismiss her case for want of prosecution was not fundamentally wrong. *McMahan*, 892 F.3d at 931.

We have considered Jeffries's other arguments, and none has merit.

AFFIRMED