**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2016[*]
Decided November 14, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2821

| | |
|---|---|
| CYNTHIA M. HERNDON, | Appeal from the |
| *Plaintiff-Appellant*, | United States District Court for the |
| | Northern District of Indiana, |
| *v.* | South Bend Division. |
| | |
| HOUSING AUTHORITY OF | No. 3:15 CV 169 |
| SOUTH BEND, INDIANA, and | |
| JOANNE WATFORD, | James T. Moody, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Cynthia Herndon, a public-housing tenant, appeals the dismissal of her civil-rights suit against the Housing Authority of South Bend and its property manager, Joanne Watford, asserting violations of the Equal Protection Clause; the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*; the Americans with Disabilities Act ("ADA"),

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

42 U.S.C. §§ 12101 *et seq.*; the United States Housing Act, 42 U.S.C. §§ 1437 *et seq.*; and Executive Orders 11063, 12892, and 13217. We affirm in part, vacate in part, and remand.

Herndon alleged in her complaint that during an encounter late in 2014, Watford racially discriminated against her and harassed her on account of her child-custody issues. Because she is white and her male partner is black, Herndon believed that race motivated the actions of Watford, who is also black, so in January 2015 Herndon filed a racial-discrimination complaint with the Indiana Human Rights Commission. On the same day that she filed her complaint with the Commission, Watford and the Housing Authority allegedly retaliated against her in violation of the FHA by conducting ongoing "racially motivated" inspections of her unit and failing to provide repair services for her unit. The Commission later issued a finding of no probable cause on her racial-discrimination complaint.

Herndon also asserted that the Housing Authority discriminated and retaliated against her with regard to her lease recertification in 2015. Because of a time conflict she had, the Housing Authority allowed Herndon to reschedule her recertification appointment; she missed the new appointment, however, and the Housing Authority notified her the next day that it was terminating her lease on April 25. The notice cited her failure to attend the recertification appointment and provide required documentation. Herndon then filed this suit against Watford and the Housing Authority.

Soon afterward Herndon asked the magistrate judge to recruit counsel for her. She sought the recruitment of counsel four times. The magistrate judge denied each request on grounds that she appeared competent to try the case herself. Believing that the court's refusal to recruit counsel for her reflected bias, she moved to recuse the judge. He denied that motion, explaining that recusal was not proper when the movant infers bias from court rulings without any extrajudicial evidence of bias.

The district judge dismissed Herndon's suit for failure to state a claim. Not only were Herndon's allegations conclusory, the judge concluded, but she failed to plead facts that would allow an inference that the defendants intentionally discriminated against her based on a protected ground in violation of the FHA, the ADA, or the Equal Protection Clause. Her ADA and FHA claims of discrimination also failed, the judge added, because she did not assert that she was "disabled" as defined by those statutes. *See* 42 U.S.C. § 3602(h); *id.* § 12102(3)(A). Nor could she state a retaliation claim under the FHA because any causal link between her eviction and her complaint with the

Human Rights Commission was "attenuated" by her failure to complete the recertification process. And she failed to state a claim with regard to any violation of Executive Orders 11063, 12892, and 13217, which do not create a private right of action. Finally, she could not state a claim under the United States Housing Act, 42 U.S.C. §§ 1437 *et seq.*, because public-housing agencies must give tenants only 30 days' written notice of lease termination—not 90 as she alleged, *see id.* § 1437d(l)(4)(C)—a timeline that was satisfied by the defendants' notice.

On appeal Herndon primarily challenges the district court's ruling that she did not allege sufficient facts to state a claim of racial discrimination. Indeed, the pleading standard for simple claims of racial or sex discrimination is "minimal." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007). Herndon's complaint describes the kind of discrimination that she believes occurred (racial), the timing of the alleged discrimination (December 2014 until May 2015), and the identity of those responsible (Watford and the Housing Authority). She adds that the inspections of her unit were "racially motivated" and that the lease recertification process was done "in pretext of race." The district court erred when it required Herndon to plead more specific facts that would establish the defendants' discriminatory intent because nothing more was required for Herndon to state a claim of racial discrimination. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (holding that allegations of racial discrimination by Citibank and its manager in connection with plaintiff's efforts to obtain a loan sufficiently stated a claim under the FHA).

Herndon also challenges the district court's dismissal of her retaliation claim under the FHA. In order to state a retaliation claim, she must allege that the defendants "coerced, threatened, intimidated, or interfered with her on account of her protected activity under the FHA." *White v. U.S. Dep't of Hous. & Urban Dev.*, 475 F.3d 898, 907 (7th Cir. 2007) (quotation marks and alterations omitted). We agree with Herndon that this claim was wrongly dismissed. The district court imposed a higher pleading burden by requiring her to "show[] that (1) she engaged in a protected activity; (2) defendants subjected her to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." But that is Herndon's burden at summary judgment. *See, e.g., Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (en banc) (reviewing a grant of summary judgment). Herndon alleged all that she needed to when she wrote that the

defendants retaliated against her by using "intimidating harassments and threats to terminate [her] lease," threatening eviction in response to her complaint to the Human Rights Commission, and performing "repeated housing inspections, at times twice a month." These allegations, if proven, could show that her rights under the statute were violated, and that is all that is required of her at this stage. *See Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Herndon also challenges the district court's repeated refusal to recruit counsel, maintaining that her indigence entitled her to counsel as a matter of law. But there is no constitutional or statutory right to counsel in civil cases. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). The magistrate judge here acted within his discretion when he denied Herndon's requests: He considered Herndon's education and the relatively straightforward nature of her claims. We see no reason to disturb the finding that Herndon was competent to litigate her case, especially given the judge's observation that she was able to file motions with the court, serve papers on opposing counsel, research relevant law, and litigate other cases simultaneously.

Lastly, Herndon generally challenges the denial of her motion to recuse the magistrate judge. She asserts that the judge was biased against her because he denied her requests for counsel. But unfavorable rulings alone rarely suffice to establish judicial bias or misconduct. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000).

We have considered Herndon's other arguments and none has merit.

AFFIRMED in part, VACATED in part, and REMANDED.