**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2018
Decided June 4, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3572

| | |
|---|---|
| CYNTHIA M. HERNDON, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> HOUSING AUHORITY OF <br> SOUTH BEND, INDIANA, and <br> JOANNE WATFORD, <br>     *Defendants-Appellees*. | Appeal from the United States District <br> Court for the Northern District of <br> Indiana, South Bend Division. <br><br> No. 3:15 CV 169 <br><br> James T. Moody, <br> *Judge*. |

**O R D E R**

Cynthia Herndon returns to this court after we previously revived a piece of her suit against the Housing Authority of South Bend and its property manager Joanne Watford. See *Herndon v. Housing Authority of South Bend*, 670 F. App'x 417 (7th Cir. 2016). Following our decision, Herndon was free to pursue her allegations that defendants had racially discriminated against her and retaliated against her, each in violation of the Fair Housing Act. 42 U.S.C. §§ 3601–3619.

But back before the district court, Herndon squandered the opportunity to prosecute her case. On remand, the district court had initiated the discovery process by setting a deadline for the parties to file a joint discovery plan and scheduling a pretrial conference. It warned the parties that failure to comply with the order might result in sanctions under Federal Rule of Civil Procedure 16(f). Yet Herndon mysteriously refused to engage with the defendants' attempts to move forward with the case. She did not participate in discovery meetings, forcing the defendants to submit their discovery plan without her input. Herndon then skipped the preliminary pretrial conference.

After Herndon failed to appear, the presiding magistrate judge placed several calls to her, both to the number entered on the docket and numbers that the defendants provided to the court. Those calls went unanswered. Herndon's absence was never explained. Because of her failure to attend, the magistrate judge ordered that Herndon appear in-person at a hearing to show cause as to why she should not be held in contempt for skipping the pretrial conference. The court's order warned Herndon that failure to attend might lead to additional sanctions, "including dismissal of the case." Herndon neither attended the show-cause hearing nor explained her absence. More phone calls went unanswered. Despite her repeated absences, Herndon continued to file unrelated motions with the district court. A month after Herndon had neglected to appear at the show-cause hearing, the defendants filed a motion to dismiss for want of prosecution. Herndon never responded to that motion. And so the district court dismissed Herndon's suit a second time and entered final judgment in favor of the defendants.

Herndon responded by filing in this court what she styled as a Petition for Writ of Mandamus. We construed it as a notice of appeal and transferred the filing to the district court. Once it was docketed, we opened this timely appeal. Two weeks later, Herndon filed another notice of appeal with the district court. That notice was filed more than 30 days after the district court's final judgment, and so we ordered Herndon to file a memorandum explaining why the latter appeal should not be dismissed for lack of jurisdiction. She did not respond, and the appeal was dismissed. Our dismissal order noted that the appeal now before us was timely and could proceed to briefing.

Now briefed, Herndon's appeal raises several issues. As best we can tell, she argues that the district court lacked jurisdiction to dismiss her case. She accuses the court of contradicting our prior ruling, of being biased against her, and of either ignoring the merits of her civil complaint or independently violating an unidentified right. Each of these is meritless. And in misdirecting her attention, Herndon has

neglected to mention her failure to comply with the district court's order or why she did not display the least bit of attention to her case.

Federal Rule of Civil Procedure 16(f) authorizes a court to impose just sanctions if a party fails to appear for a pretrial conference. Additionally, Rule 41(b) permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." When a district court invokes these rules to dismiss a suit for failure to prosecute, we review the decision under an abuse-of-discretion standard. See *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017). Dismissal of a case for lack of prosecution is a suitable sanction "where the plaintiff's 'neglect in pursuing his case was sufficiently serious to warrant dismissal.'" *Id.* (quoting *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012)). Repeatedly violating a court's discovery orders and failing to attend scheduled hearings are significant enough to warrant dismissal, even if lesser sections also may have been appropriate. *Nelson*, 878 F.3d at 239; see also *Dupree v. Hardy*, 859 F.3d 458, 463 (7th Cir. 2017) ("The sanction of dismissal is appropriate for plaintiffs like Dupree who fail to attend multiple hearings and have been warned of the possibility of dismissal."). That is exactly what happened here. Herndon failed on multiple occasions to participate in discovery conferences or to comply with court orders. She had been warned explicitly that such conduct risked sanctions, including the possible dismissal of her suit. There was no abuse of discretion here.

The judgment of the district court is AFFIRMED.